**James HASKIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 77–3044–LEW.**

United States District Court, C. D. California.

Oct. 21, 1977.

Justin L. Goldner, Beverly Hills, Cal., Donald M. Re, Los Angeles, Cal., for plaintiff.

Andrea Sheridan Ordin, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Division, Arthur M. Greenwald, Asst. U. S. Atty., Los Angeles, Cal., for United States of America.

FINDINGS OF FACT AND CONCLU-SIONS OF LAW NUNC PRO TUNC RE: DETERMINATION OF REA-SONABLENESS OF MAKING AND APPROPRIATENESS OF AMOUNTS OF JEOPARDY ASSESSMENTS

NATURE OF PROCEEDINGS

WATERS, District Judge.

On August 12, 1977, Plaintiff, James Has-kin, (hereafter, referred to as, "Plaintiff Haskin") filed a complaint to determine the reasonableness and appropriateness of nine (9) jeopardy assessments imposed against him on June 7, 1977, pursuant to Section 7429(b) of Title 26, United States Code, requesting this Court to:

1. Determine that the making of the nine (9) jeopardy assessments is not rea-sonable under the circumstances.

2. Determine that the amounts so as-sessed are not appropriate under the cir-cumstances.

3. Order the nine (9) jeopardy assess-ments abated immediately and any collec-tion activities restrained, with releases of federal tax liens to be filed promptly, wherever appropriate.

4. Award the Plaintiff Haskin attor-neys' fees pursuant to Section 1988 of Title 42, United States Code, as amended.

Thereafter, the Defendant, United States of America, (hereafter, referred to as, "De-fendant United States") filed an Answer together with a memorandum of points and authorities and supporting exhibits, con-tending that the action of the Internal Rev-enue Service in making these jeopardy as-sessments was reasonable under the circum-stances and that the amounts assessed are appropriate under the circumstances. It re-quested this Court to deny the relief prayed for in the complaint.

Defendant United States contends that the Internal Revenue Service's reliance upon Judge Lydick's Order and Findings of May 11, 1977; the nature of the sentence imposed upon Plaintiff Haskin and its possi-ble consequences on Plaintiff Haskin's fu-ture conduct; the transfer of personal as-sets imperilling his financial solvency; and his failure to supply appropriate financial information when requested, establish that the Internal Revenue Service's action in making the nine (9) jeopardy assessments was reasonable under the circumstances. In addition, the Defendant United States, asserts that the amounts assessed are ap-propriate under the circumstances, as they are based upon information contained in the employer's quarterly tax returns filed by or on behalf of corporations wherein Plaintiff Haskin is or has been, during the relevant periods of time, the President and financial head of these entities.

Subsequent to the filing of this com-plaint, Plaintiff Haskin filed a memoran-dum, wherein he took the position that Sec-tion 7429 violates the Due Process Clause of the Fifth Amendment to the United States Constitution in that: (1) the provisions of Section 7429 do not provide a taxpayer with sufficient notice to be aware of the basis for governmental action and sufficient time to prepare a response thereto and (2) the taxpayer is not afforded the opportunity to confront and cross-examine adverse wit-nesses.

Defendant United States filed its re-sponse opposing Plaintiff Haskin's position pointing out that the Administrative Re-view provisions of Section 7429(a) afford to a taxpayer prompt written notice of the government's action wherein the reasons for its action are stated. Further, the De-fendant United States points out that if a taxpayer seeks a judicial review of the government's action, pursuant to Section 7429(b), he has the right to utilize the processes of this Court to subpoena adverse witnesses, as well as the right to cross-ex-amine witnesses called by the government.

This action was heard by this Court with-in the period prescribed in Sections 7429(b) and (c) of Title 26, United States Code.

This Court, having considered the contents of all the pleadings, memoranda and documents filed; the exhibits and testimony received and the arguments of counsel; and having made the determinations as to the reasonableness of the making and the appropriateness of the amounts of the nine (9) jeopardy assessments within the prescribed statutory period, now makes the following Findings of Fact and Conclusions of Law *nunc pro tunc,* to be filed and entered as of October 7, 1977:

## FINDINGS OF FACT

1. On June 7, 1977, nine (9) jeopardy assessments totalling $173,018.06 were imposed against Plaintiff Haskin, pursuant to Section 6862 of Title 26, United States Code. A Notice of Federal Tax Lien was filed on the same date with the Los Angeles County Recorder's Office.

2. On June 8, 1977, the Acting District Director of Internal Revenue, Los Angeles, an authorized representative of the Secretary of the Treasury, provided Plaintiff Haskin with written statements of information upon which the Internal Revenue Service relied in making each of these nine (9) jeopardy assessments, as required by Section 7429(a)(2) of Title 26, United States Code. During the course of the proceedings, true copies of each of these nine (9) statements were submitted by the Defendant United States to the Court and received in evidence.

3. Subsequent to June 8, 1977, Plaintiff Haskin made a timely request for a review of the action taken by the Internal Revenue Service, a right afforded to him by Section 7429(a)(2) of Title 26, United States Code. Representatives of the Secretary of the Treasury redetermined that the making and amounts of the nine (9) jeopardy assessments were reasonable and appropriate under the circumstances, as required by Section 7429(a)(3) of Title 26, United States Code. Written statements containing the information relied upon in making this redetermination were provided to Plaintiff Haskin. True copies of these statements were submitted by the Defendant United States to the Court and received in evidence.

4. Ecktagraphics Corporation and the related entities of McKnight Productions, Inc.; Eros Books, Inc.; Eros Theatre Corp.; Proscene Productions; Eros Theatre Corp.; Alter Ego Corp.; Crimson Tide, Inc., and C. I. & L. Industries, are or have been engaged in the nationwide distribution of adult books and films. Plaintiff Haskin is or has been during the relevant periods of time the President and financial head of these entities.

5. The sum of $173,018.06 represents trust fund taxes (i. e., Withholding and Federal Insurance Contribution Act taxes) deducted from the wages of the employees of the following corporations, which were not paid over to the Defendant United States, as required by law:

| | |
|---|---:|
| Ecktagraphic Corporation | $ 68,352.28 |
| McKnight Productions, Inc. | 1,867.88 |
| Eros Books, Inc. | 7,168.42 |
| Eros Theatre Corp. (I) | 27,516.30 |
| Proscene Productions | 17,413.95 |
| Eros Theatre Corp. (II) | 22,149.46 |
| Alter Ego Corp. | 10,921.86 |
| Crimson Tide, Inc. | 1,126.00 |
| C. I. & L. Industries | 16,501.91 |
| | $173,018.06 |

These amounts were computed from quarterly employment tax returns filed by or on behalf of the herein described corporations with the Internal Revenue Service.

6. On May 5, 1977, Plaintiff Haskin was convicted by a jury of willfully failing to file federal corporate income tax returns on behalf of Ecktagraphics Corporation, a California corporation, for the years 1970, 1971 and 1972, in violation of Section 7203 of Title 26, United States Code. (Reference, Case No. CR 77–308–LTL, Central District of California.)

7. Subsequent to Plaintiff Haskin's arraignment and prior to his conviction, he was at liberty on a personal recognizance bond in the amount of $5,000.00. Upon the jury returning their verdicts on April 5, 1977, the Honorable Lawrence T. Lydick, United States District Judge, ordered Plain-

tiff Haskin's personal recognizance bond exonerated and a new bond in the amount of $100,000.00 corporate surety or in the alternative $100,000.00 appearance bond with a ten percent (10%) cash deposit and security be posted. Plaintiff Haskin was ordered not to leave the Central District of California without prior Court approval and was ordered to surrender his passport to the Clerk of the Court, which he has done. This passport is currently in the possession of the Clerk of the Court.

Various nations, located in the Western Hemisphere and throughout the world, do permit American citizens to enter their countries without the possession of an American passport.

8. On or about May 9, 1977, Plaintiff Haskin posted an appearance bond with a cash deposit conveying his residence, located at 121 South Hudson Street, Los Angeles, California, as security.

9. Prior to the date of sentencing, Plaintiff Haskin filed an application for a reduction of bail to $5,000.00 personal recognizance bond. District Judge Lydick denied this application on May 11, 1977. In his Order of Denial, District Judge Lydick, in pertinent part, found as follows:

\* \* \* \* \* \*

"As a result of his conviction in this case, defendant faces possible imprisonment for three years, fines totalling $30,-000 and costs of trial. The evidence was strongly weighted against the defendant who was accused of failure to pay taxes on what was apparently very substantial income for the years in question derived from corporations with nationwide distribution of what are euphemistically referred to as adult books and films. Evidence of skimming by the defendant was also given.

"Statements contained in defendant's Bail Reform Act form with respect to ability to pay and related to his employment, income and property conflict sharply with testimony received at trial which shows him to be a man of substantial property and foreign bank accounts in at least two foreign countries, Liechtenstein

and Denmark, and a business that can be operated by absentee control from nearly any jurisdiction. His representations as well conflict with his wife's affidavit in support of this application claiming residence in Hancock Park in this city and ownership of a ranch in Santa Barbara County of more than 500 acres.

"Although this record of court appearances to date is good, this record was compiled prior to conviction and there is sworn grand jury testimony that he has told former associates that he would flee this jurisdiction if convicted.

"Because of the seriousness of the charges of which defendant stands convicted, the potential sentence he faces, the weight of evidence against him, the disparity between the material offered in his Bail Reform Act questionnaire and other evidence before the Court concerning his income and property holdings and evidence of an intention to flee, we believe a high level of bail is necessary to insure his appearance for sentencing and appeal, if any, and that the bail established by the Court is well within his ability to post."

\* \* \* \* \* \*

10. Plaintiff Haskin did not request District Judge Lydick to reconsider his Order or any of the findings made in support of this Order, nor did Plaintiff Haskin appeal from District Judge Lydick's Order.

11. Subsequent to the May 11, 1977 Order, Plaintiff Haskin closed accounts nos. 210–572–01 and 279777 maintained at the National Bank of Liechtenstein and the Copenhagen Handelsbank, respectively. He also closed account no. 4574224, located at the Royal Bank of Canada, Montreal, Province of Quebec.

12. On June 7, 1977, Plaintiff Haskin was sentenced on each of the Three Counts of the Indictment upon which he was found guilty. As to Counts 1 and 2, he was to be committed to the Attorney General to serve one year's confinement on each Count and pay a fine of $10,000.00, plus costs. Count 1 and 2 were to run consecutively. As to

Count 3, a fine of $10,000.00, plus costs was imposed. In addition, Plaintiff Haskin was placed on five years probation, to commence subsequent to confinement. Bail, as set by the Court after conviction pending sentencing, was continued pending exhaustion of Plaintiff Haskin's right of appeal. On June 7, 1977, Plaintiff Haskin filed a Notice of Appeal. This appeal is pending.

13. On July 19, 1977, there was filed a Notice of Default and Election to Sell Under Deed of Trust regarding certain real property owned by Plaintiff Haskin and Margaret Haskin, his wife, against which there are substantial encumbrances. To date, the default has not been cured.

14. Plaintiff Haskin has failed to submit to representatives of the Secretary of the Treasury requested personal financial statements or any financial statements regarding the various corporate entities he heads, nor has he posted with the Internal Revenue Service any collateral to secure the payment of these taxes.

15. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this Court to be true in all respects.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over these proceedings pursuant to Section 7429(b) of Title 26, United States Code, and Sections 1340 and 1346(a)(1) of Title 28, United States Code.

■ 2. Section 7429(b) entitled, "Judicial Review", contemplates that a summary proceeding be conducted by federal district courts for the purpose of making an independent determination as to the reasonableness of the making of a jeopardy assessment and appropriateness of the amount of this assessment.

■ 3. Section 7429(b) does not contemplate that this Court attempt to determine the ultimate tax liability. A determination pursuant to Section 7429 will have no affect upon the determination of the correct tax liability in a subsequent proceeding. See S.Rep.No.94–938, p. 365, U.S.Code Cong. & Admin.News 1976, 2897. The instant proceeding is unrelated substantively and procedurally to any subsequent action for refund brought in a federal district court to determine the correctness of the tax liability. See S.Rep.No.94–938, p. 365.

■ 4. In making its redetermination, as required by Section 7429(a)(3), the Internal Revenue Service is not limited to a consideration of the information available on the assessment date, but is to take into account information which subsequently becomes available. See S.Rep.No.94–938, p. 364. In this regard, the Court, in making its independent determinations, is to take into account not only information available to the Internal Revenue Service on the assessment date, but also any other information which bears on the issues before it. See S.Rep.No.94–938, p. 365.

■ 5. The Internal Revenue Service, in making of the nine (9) jeopardy assessments against Plaintiff Haskin on June 7, 1977 in the amounts totalling $173,018.06, acted reasonably under the circumstances. Defendant United States has met the burden of proof prescribed in Section 7429(g)(1) of Title 26, United States Code.

6. The amounts of the nine (9) jeopardy assessments totalling $173,018.06 are appropriate under the circumstances. Plaintiff Haskin has failed to meet the burden of proof prescribed in Section 7429(g)(2) of Title 26, United States Code.

■ 7. Section 7429 of Title 26, United States Code, does not violate the Due Process Clause of the Fifth Amendment to the United States Constitution. The statute does provide a taxpayer with adequate notice of governmental action. The judicial review prescribed by Section 7429(b) affords a taxpayer the opportunity to confront and cross-examine adverse witnesses. In the instant case, Plaintiff Haskin did receive the written statements required by the statute; did call witnesses on his behalf and did confront and cross-examine government witnesses.

8. Plaintiff Haskin is not entitled to an award of attorneys' fees as claimed. Section 1988 of Title 42, United States Code, as amended, as it relates to proceedings brought under the Internal Revenue Code, is limited to suits initiated by or on behalf of the United States to enforce or charge a violation of the Internal Revenue Code where the prevailing party is other than the United States. Further, there must be a showing by the prevailing party that the United States, in initiating the suit, acted in frivolous and/or harassing manner. See 122 Cong.Rec., S17050–17051 (daily ed., Sept. 29, 1976). None of these requirements are present in the instant case.

9. The relief prayed for by Plaintiff Haskin in his complaint is denied. Plaintiff Haskin shall take nothing by his complaint. This action is dismissed on the merits.

JUDGMENT NUNC PRO TUNC RE: DETERMINATION OF REASONABLENESS OF MAKING AND APPROPRIATENESS OF AMOUNTS OF JEOPARDY ASSESSMENTS

In accordance with this Court's Findings of Fact and Conclusions of Law entered *nunc pro tunc* as of October 7, 1977, the following judgment is entered *nunc pro tunc* as of October 7, 1977:

IT IS ORDERED AND ADJUDGED that the Internal Revenue Service, in making the nine (9) jeopardy assessments against Plaintiff, James Haskin, on June 7, 1977, in the amounts totalling $173,018.06, acted reasonable under the circumstances and that the amounts totalling $173,018.06 are appropriate under the circumstances.

FURTHER, IT IS ORDERED AND ADJUDGED that the relief prayed for by the Plaintiff, James Haskin, in his complaint, is denied. Plaintiff, James Haskin, shall take nothing by his complaint, and his action is dismissed on the merits.