UNITED STATES of America, Plaintiff,

v.

LeRoy DOYLE, City of Milwaukee, Chief Harold Breier, Dennis P. Coffey, and Coffey & Coffey, Attorneys at Law, Defendants.

Civ. A. No. 78–C–564.

United States District Court,
E. D. Wisconsin.

Jan. 25, 1980.

Joan F. Kessler, U. S. Atty. by Elizabeth Adelman, Asst. U. S. Atty., Milwaukee, Wis., Lawrence E. Meuwissen, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Kevin E. O'Neill, Milwaukee, Wis., for defendants Leroy Doyle, Dennis P. Coffey, and Coffey & Coffey.

Grant F. Langley, Asst. City Atty., Milwaukee, Wis., for defendants City of Milwaukee and Chief Harold Breier.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought by the United States to reduce a federal tax assessment against LeRoy Doyle ("taxpayer") to judgment and to enforce a corresponding federal tax lien against certain property owned by the taxpayer. The taxpayer has counterclaimed for a determination of the reasonableness of the assessment pursuant to the statutory procedure set out in 26 U.S.C. § 7429. Currently before the court are the taxpayer's motion for summary judgment and the Government's motion for summary determination of the reasonableness of the assessment and its cross-motion for summary judgment on the issue of the priority of the federal tax lien.

On July 18, 1978, members of the Milwaukee Police Department seized $5,301.73 during the course of a search of the taxpayer's premises. On August 16, 1978, the Internal Revenue Service ("IRS") issued a jeopardy assessment against the taxpayer pursuant to 26 U.S.C. § 6851(a) based on his estimated income tax liability for 1978 computed on the basis of the period from January 1 to July 18, 1978. The amount of the assessment was $41,202.35.

On the same day that the jeopardy assessment was issued, the IRS served a "Notice of Levy" upon the Milwaukee Police Department ("Department") seeking release of the funds previously seized from the taxpayer's premises. The Department refused to release the funds due to the competing claim of taxpayer's attorneys, Coffey & Coffey, who had served a document entitled "Attorney's Lien" on the Department on August 10, 1978. This action was then commenced on August 30, 1978.

On September 15, 1978, taxpayer requested that the IRS administratively review the reasonableness and amount of its prior assessment. This request was made pursuant to the procedure set out in 26 U.S.C. § 7429(a). On September 29, 1978, taxpayer was informed that there would be no change in the assessment itself or the amount thereof. Taxpayer then obtained

leave of the court to file a counterclaim for summary judicial review of the assessment pursuant to 26 U.S.C. § 7429(b). Although § 7429(b)(2) requires that a hearing on a request for summary determination be held within twenty days, no such hearing was ever requested or held. The Government did file an answer to the counterclaim, essentially alleging that a § 7429(b) summary proceeding is unnecessary once the reasonableness of an assessment is put in issue by a suit to reduce the assessment to judgment.

On August 28, 1979, the Court granted the Milwaukee Police Department's motion to pay the funds seized from the taxpayer into the court pending outcome of this litigation. The Department has now been dismissed as a party to this action.

Taxpayer's motion for summary judgment is based on the court's failure to conduct a hearing on the reasonableness of the assessment within the twenty days prescribed by statute. Taxpayer argues that if a court fails to hold the hearing within twenty days, the assessment automatically becomes void and unenforceable. As a corollary to this argument, taxpayer's attorneys contend that the government tax levy is also unenforceable, and, consequently, the Court must release the funds seized by the Milwaukee Police Department pursuant to the now prior attorney's lien.

The Government, on the other hand, argues that once it has filed an action to reduce a jeopardy assessment to judgment, a taxpayer has no right to a summary determination of the reasonableness of the assessment pursuant to § 7429(b). The summary determination procedure, it is argued, was enacted by Congress to provide taxpayers with a means of securing judicial review of the reasonableness of an assessment without being forced to institute lengthy refund proceedings after their assets have been seized pursuant to the assessment. However, when the government immediately files suit to reduce the assessment to judgment, the taxpayer is already provided with a forum to challenge the assessment and is not entitled to separately avail himself of the § 7429(b) procedures.

Furthermore, the Government contends, the taxpayer is afforded a *better* opportunity to challenge an assessment in an action brought by the government to reduce the assessment to judgment than he would be afforded in a § 7429(b) proceeding because of the higher standard of proof and fuller range of discovery that is available.

■ The Court, however, does not accept the argument that the government may preclude a taxpayer from instituting a § 7429(b) proceeding for summary determination by first filing an action to reduce the assessment to judgment. It may be that both types of actions raise the issue of the reasonableness of an assessment, and it may also be that an action to reduce an assessment to judgment gives the taxpayer an advantage in terms of burden of proof and scope of discovery. However, a § 7429(b) proceeding offers the taxpayer one significant advantage which is not available to him in a government action to reduce an assessment to judgment—a speedy initial determination of the reasonableness of the assessment.

A § 7429(b) proceeding is similar to a preliminary examination for probable cause in a criminal proceeding. While such an examination addresses the same basic issue as will be addressed at trial, and although the defendant is faced with a lesser standard of proof and limited discovery, the preliminary examination serves as a means of screening those cases which are obviously without merit and freeing those persons who have been charged without probable cause. Similarly, a § 7429 proceeding is designed to provide relief from those assessments which are clearly unreasonable. While it is true that a taxpayer has the right to challenge an assessment at trial on the issue of whether the assessment should be reduced to judgment, he also has a statutory right to an immediate determination of the assessment's reasonableness.

■ The question then becomes whether the failure to receive an immediate summary determination of the reasonableness of the assessment requires a finding that the assessment is invalid and unenforceable.

Taxpayer and his attorneys urge this result, although no supporting authority has been cited. The question is apparently one of first impression.

The automatic invalidity rule urged by the taxpayer appears to the Court to be unduly harsh and inflexible. A wiser approach would be to examine each case on its facts with a special view toward determining the cause of the delay and whether such delay has prejudiced the taxpayer.

In the present case, the failure of the taxpayer to receive a hearing within the allotted time was due for the most part to the unfamiliarity of the parties with the recently enacted § 7429. Nowhere in taxpayer's counterclaim is there a request for an immediate hearing or even mention of the twenty-day statutory time limit. The Government's answer simply denies the allegations contained in the counterclaim and asserts that a § 7429(b) hearing is unnecessary. The Court, not having been apprised by the parties, was unaware that an immediate hearing was called for. Thus, responsibility lies with all of the parties to this action and, to a large part, with the taxpayer himself. Not only did taxpayer fail to request a hearing within the statutory time period, but he failed to request a hearing at any time whatsoever. Taxpayer simply filed his counterclaim, waited for nine months, and then moved for summary judgment. To grant taxpayer's motion would be to reward him for his own inaction. This the Court declines to do.

Furthermore, taxpayer has not been prejudiced by the delay. The only assets that the IRS has sought to seize pursuant to the assessment are the funds that were in the possession of the Milwaukee Police Department. These funds, however, have not been seized and are now in the custody of this court. Thus, taxpayer has lost nothing from his failure to receive an immediate hearing on the reasonableness of the assessment. Accordingly, taxpayer's motion for summary judgment will be denied. The Court must now determine the reasonableness of the assessment.

■ First, it must be emphasized that this is a preliminary determination which is made pursuant to § 7429(b). Thus, this determination has no bearing on taxpayer's ultimate tax liability or whether the Government should be permitted to reduce the assessment to judgment. *Loretto v. United States*, 440 F.Supp. 1168 (E.D.Pa. 1977). The determination is made solely for the purpose of deciding whether the assessment is reasonable under the circumstances (and appropriate in amount) and whether the IRS may foreclose the levy made pursuant to that assessment.

■ There are two issues that must be decided: first, whether the assessment is reasonable under the circumstances, and second, whether the assessment is appropriate in amount. The Government has the burden of proof on the first issue; the taxpayer has the burden on the second issue. 26 U.S.C. § 7429(g).

■ The assessment in question was made pursuant to 26 U.S.C. § 6851(a)(1) which provides:

"If the Secretary finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act * * tending to prejudice or to render wholly or partly ineffectual proceedings to collect the income tax for the current or immediately preceding taxable year unless such proceeding be brought without delay, the Secretary shall immediately make a determination of tax for the current taxable year * * * and notwithstanding any other provision of law, such tax shall become ·immediately due and payable. The Secretary shall immediately assess the amount of the tax so determined * * * and shall cause notice of such determination and assessment to be given the taxpayer, together with a demand for immediate payment of such tax."

It is uncontroverted that taxpayer was arrested on July 18, 1978, in possession of large amounts of illegal drugs. Records discovered at the time of taxpayer's arrest

indicate that he was in the business of selling drugs in large quantities. As noted above, over $5,000 in cash was seized from the taxpayer at the time of his arrest.

Taxpayer has not filed a federal tax return since 1969 when he filed under the name of LeRoy Lake. He has attempted to conceal his illegal income by dealing only in cash and by leasing his residence and automobile in the name of a third party. Petitioner was released on bond and has now apparently disappeared. On these facts, the Court cannot find that it was unreasonable for the IRS to determine that the taxpayer was designing to conceal both himself and his property. As far as the amount of the assessment, the taxpayer has offered no evidence to show that such amount was unreasonable. Since the taxpayer has the burden of proof on this issue, the amount of the assessment must be upheld.

Once it has been established that the assessment was valid, it must also be concluded that the levy executed pursuant to that assessment took priority over the lien that was taken by taxpayer's attorneys. The attorney's lien in question amounted to no more than an unperfected security interest designed to secure payment for future services. Such a lien could have been defeated by a subsequent judgment creditor and is thus subordinate to a federal tax lien. 26 U.S.C. § 6323(h)(1); *United States v. Smith*, 35 A.F.T.R.2d 75–326 (W.D.Wis. 1974). Accordingly, the Government is entitled to the release of the funds now being held by the court.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that plaintiff's motion for a summary determination that the jeopardy assessment issued on August 16, 1978, against LeRoy Doyle was reasonable under the circumstances and appropriate in amount be and hereby is granted.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment

on the issue of the priority of the levy made upon the property of LeRoy Doyle on August 16, 1978, be and hereby is granted.

IT IS FURTHER ORDERED that the clerk of this court deliver to plaintiff the sum of $5,301.73.

IT IS FURTHER ORDERED that this action be dismissed as to defendants Dennis P. Coffey and Coffey & Coffey, Attorneys at Law.