**Edward J. CONDON, Jr.**

v.

**UNITED STATES of America.**

**Civ. A. No. 81–3256.**

United States District Court, E. D. Pennsylvania.

Nov. 23, 1981.

Joshua Briskin, Philadelphia, Pa., for plaintiff.

Dawn MácPhee, Asst. Atty. Gen., Will McCloud, Tax Div., U. S. Dept. of Justice, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiff challenges the government's action in making a termination assessment of his federal income tax liability. Defendant, the United States government, moves for summary judgment, asserting that (1) the making of the termination assessment was reasonable under the circumstances; and (2) the amount assessed was appropriate under the circumstances. The Court agrees with the government's position and will grant summary judgment for the defendant.

A termination assessment was made against plaintiff on June 10, 1981, pursuant to section 6851 of the Internal Revenue Code, 26 U.S.C. § 6851(a)(1) (1970), *as amended by* Tax Reform Act of 1976, Pub. L.No.94–455, § 1204(b), 90 Stat. 1520. The termination assessment was made by the District Director of the Internal Revenue Service based on information that the plaintiff appeared to be designing to place his property beyond the reach of the government and that there was a substantial likelihood plaintiff was involved in illegal activities which would hinder the collection of taxes. Plaintiff was notified pursuant to section 7429(a)(1) of the Internal Revenue Code, 26 U.S.C. § 7429(a)(1) that a termination assessment had been made against him for the period beginning January 1, 1981, and ending May 28, 1981, in the amount of $85,384.10. The District Director's determination against the plaintiff was sustained in full by an appeals conference held on July 28, 1981. The plaintiff now seeks review of the termination assessment. 26 U.S.C. § 7429(b)(2) (1976).

The burden is on the government to show that the making of the assessment was "reasonable under the circumstances" and on the plaintiff to show that the amount assessed was not appropriate. 26 U.S.C. § 7429(g)(1), (2) (1976). *See Bremson v. United States*, 459 F.Supp. 121, 125 (W.D.Mo.1978); *Loretto v. United States*, 440 F.Supp. 1168, 1172 (E.D.Pa.1977). The standard of review for determining what is "reasonable under the circumstances" within the meaning of section 7429(b)(2) is "something more than 'not arbitrary or capricious', and something less than 'sup-

ported by substantial evidence.'" *Loretto*, 440 F.Supp. at 1172. Moreover, under section 7429(b), the Court does not determine the ultimate tax liability of the taxpayer in this proceeding. *Haskin v. United States*, 444 F.Supp. 299, 304 (C.D.Calif.1977).

After careful review of the affidavits submitted by the government, this Court holds, with respect to the defendant's first contention, that the making of the termination assessment was "reasonable under the circumstances." Specifically, the affidavits submitted by the government disclose the following facts. First, information made available to the Internal Revenue Service by the Delaware County Major Crimes Task Force, the Federal Bureau of Investigation, and the Drug Enforcement Administration show that the plaintiff has been engaged in the possession and sale of dangerous drugs since 1979. Stunder Affidavit ¶ 3. Second, as a result of a joint investigation by those three agencies, the plaintiff was arrested and charged with the possession and selling of $50,000 worth of drugs to a state police trooper. Stunder Affidavit ¶ 4. Third, plaintiff may have been making as much as $5,000.00 a day in the sale of drugs or $650,000.00 for a 26 week period. Stunder Affidavit ¶ 11. Fourth, there is also evidence that income from the sale of drugs was used to purchase jewelry. Knapp Affidavit ¶ 7. Kenneth Haines, an officer in the Little Egg Harbor Police Department in Ocean County, New Jersey reported that the plaintiff told him "that he wore jewelry as it was easily convertible to cash, if he needed to put it up for bail." Haines Affidavit lines 10–11. Fifth, pursuant to a search warrant jewelry estimated at $10,000.00 was seized from the plaintiff's residence. Knapp Affidavit ¶ 6. Sixth, plaintiff pays the rent for several leases and the mortgages on several properties not owned in his name. In fact, the service was not able to locate property under the plaintiff's name. Knapp Affidavit ¶ 3. Additionally, the plaintiff informed Donald Anthony, a sergeant in the Criminal Investigation Unit, Newcastle, Delaware, that properties which he had previously bought in Florida were no longer in his

name. Anthony Affidavit lines 18–19. Seventh, the plaintiff admitted that he failed to file a federal income tax return for 1980. Moreover, although the plaintiff did file returns for 1978 and 1979, the amount of income reported for 1979 "is very small compared to the volume of drug sales reflected in the records of drug sales." Stunder Affidavit ¶ 10. On the basis of this information, the Internal Revenue Service determined "that with respect to the income earned from drug sales, Edward Condon has been either concealing it, by dissipating it, or by transferring it to other persons." Stunder Affidavit ¶ 8. This Court concludes that, in view of the above, the government has satisfied its burden of proof as to the reasonableness of this assessment.

Section 7429(g)(2) provides that the taxpayer shall carry the burden of proof with respect to determining whether the amount assessed is appropriate under the circumstances. Moreover, the Internal Revenue Service "is presumed to have acted reasonably." *Loretto v. United States*, 440 F.Supp. 1168, 1172 n.7 (E.D.Pa.1977). The plaintiff has not only failed to submit any evidence in support of his claim that the assessment is not reasonable under the circumstances, but he also presented no evidence showing that the amount assessed is inappropriate. The Court, therefore, has no alternative but to find that the amount assessed is appropriate under the circumstances.

In conclusion, defendant's motion for summary judgment is granted as the government has established that the assessment is "reasonable under the circumstances" and the plaintiff has failed to carry his burden of proof as to the inappropriateness of the amount of the assessment.