James T. NOLAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ. 81–508–TUC–MAR.

United States District Court, D. Arizona.

Jan. 7, 1982.

Bertram Polis, Henri L. Sadacca, II, Tucson, Ariz., for plaintiff-taxpayer Nolan.

Carlos Castro, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., James E. Mueller, Asst. U. S. Atty., D. Ariz., Tucson, Ariz., for United States.

## ORDER

MARY ANNE RICHEY, District Judge.

Having heard the evidence presented at the judicial review proceeding December 2, 1981, and having considered all memoranda of law, the Court rules as follows:

Jeopardy and termination assessments against plaintiff-taxpayer are found to be reasonable, but the amount of the assessment is found to be inappropriate due to substantial doubts raised by plaintiff in regard to estimated amounts of income. Therefore, the Court remands the complaint to the Secretary of the Treasury for redetermination of the amount of income on which the assessments are based pursuant to 26 U.S.C. § 7429(b)(3).

## BACKGROUND

On August 8, 1981, the Internal Revenue Service notified plaintiff-taxpayer that a jeopardy assessment of $40,901.91 for 1980 was made pursuant to 26 U.S.C. § 6861 and a termination assessment of $37,974.00 for 1981 was made pursuant to 26 U.S.C. § 6851. A jeopardy assessment is made for a tax year that has ended and for which the due date for filing has passed. A termination assessment is made for a tax year that has not ended or for which the due date for filing has not yet passed. *Davis v. United States*, 511 F.Supp. 193 (D.Kan.1981), *Laing v. United States*, 423

U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). These assessments followed the receipt by the I.R.S. of information from the Tucson Police Department which had maintained surveillance of the taxpayer for the six months preceding his arrest for murder on July 11, 1981.

On September 11, 1981, the taxpayer timely filed a request for administrative review pursuant to 26 U.S.C. § 7429(a)(2). On October 7, 1981, the I.R.S. notified plaintiff that it has determined assessments to be reasonable and amounts appropriate. On October 26, 1981, plaintiff filed this action for judicial review pursuant to 26 U.S.C. § 7429(b).

JUDICIAL REVIEW UNDER 26 U.S.C. § 7429

 The judicial review allowed to taxpayers after jeopardy or termination assessments is "like a preliminary examination for probable cause in a criminal proceeding," *United States v. Doyle*, 482 F.Supp. 1227 (E.D.Wis.1980), but the standard of review differs. In a § 7429 hearing the determination is whether the assessment is reasonable under the circumstances. Reasonable and appropriate under the circumstances is a standard "something more than not arbitrary or capricious and something less than supported by substantial evidence." *Loretto v. United States*, 440 F.Supp. 1168, 1172 (E.D.Pa.1977). The hearing in district court is an independent *de novo* review of the reasonableness of the assessment (on which the government has the burden of proof) and the appropriateness of the amount (on which the taxpayer has the burden of proof), 26 U.S.C. § 4729(g). The district court does not determine the ultimate tax liability nor does the district court's determination affect any future ruling in a refund suit in the Tax Court. *Loretto, supra; Canon v. United States*, 77–2 USTC ¶ 16,270 (Nev.1977); *McAvoy v. United States*, 475 F.Supp. 297 (W.D.Mich.1979); *Haskin v. United States*, 444 F.Supp. 299 (C.D.Cal.1977). The court may consider evidence and facts known to the I.R.S. at the time of the assessment as well as facts and information gathered af-

ter that date. *Fidelity Equipment Leasing Corp. v. United States*, 462 F.Supp. 845 (D.Ga.1978).

The criteria used by the I.R.S. to make a jeopardy or termination assessment are quoted in the *Canon* case as follows:

The Internal Revenue Manual states that a jeopardy assessment should not be made unless at least one of the following three conditions is met:

(1) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself;

(2) The taxpayer is or appears to be designing quickly to place his property beyond the reach of the Government either by removing it from the United States, or by concealing it, or by transferring it to other persons, or by dissipating it; or

(3) The taxpayer's financial solvency appears to be imperiled.

The legislative history of § 7429 indicates that the Congress believes that the making of a jeopardy assessment when any of these conditions is found to exist would be reasonable. S.Rep.No.94–938, p. 365, footnote 6.

 The evidence in this case indicates that either condition 2 or 3 is met, making the assessment reasonable under the circumstances. Tucson Police Detective Bryan Jones testified that through surveillance of Mr. Nolan's activities, confidential informants, a known informant (Iris Geoghagen), and wiretaps, the police determined that Nolan had engaged in "profitable illegal activity," including drugs and prostitution. Income tax returns have not been filed by Nolan for 1980 although information indicates that he had enough income to require a return be filed. When arrested in July, police found $22,000 in cash and jewelry estimated by Nolan to be worth $200,000, in Nolan's home. It is reasonable to infer that these assets had not been reported to I.R.S. and were being concealed from the government. *See Haskin, supra* and *Loretto, supra*. Assets have since been placed beyond reach of the I.R.S. by Nolan since he assigned the cash to his attorney to

represent him in the pending tax and criminal proceedings. The jewelry was also given to counsel to be used as collateral. *See Canon, supra; McAvoy, supra; Erath v. United States*, 79–1 USTC ¶ 9397 (S.D.Cal. 1979); *Nichols v. United States*, 43 AFTR2d 79–835 (E.D.Cal.1978); *Bremson v. United States*, 459 F.Supp. 121 (W.D.Mo.1978).

In *Bremson, supra*, similar sources of information about the taxpayer's profitable illegal activity were found to be adequate to determine that the assessments were reasonable, even though the taxpayer was not proven to have been involved in drug distribution. The court in *Bremson* found a factual basis from airline and phone records, wiretaps and surveillance to find the I.R.S. action "reasonable under the circumstances." In *Rogers v. United States*, 511 F.Supp. 82 (D.Minn.1980), the court found an assessment reasonable from

> facts set out in Agent Langer's affidavit regarding Rogers' apparent means of making a living, the large amount of cash he had access to, and his past failure to file income tax returns indicate that it was reasonable for I.R.S. to conclude that termination proceedings were necessary.

*Id.* at 84.

Additionally, in the instant case all assets, including a home for sale in Florida, are tied to assignment or collateral agreements. It is clear, therefore, that the assets are beyond the reach of I.R.S. if those liens are held valid. The court does not rule at this time on the priority question as there is no motion before the court regarding the attorney's lien and the issue was not fully briefed or argued before the court. *See Rogers v. United States, supra*, and *United States v. Doyle, supra*, for two conflicting resolutions of this issue under 26 U.S.C. § 6323.

Case law precedent also indicates that the use of all assets to guarantee payment of attorney's fees and other debt obligations can be construed as meeting the imperiled financial solvency condition in *Canon, supra. See also Haskin, supra; Hurst v. United States*, 80–2 USTC ¶ 9659 (N.D.Fla. 1980). While Nolan has vehicles which might still be levied on by the government, their value is insufficient to meet the assessments.

This Court concludes that the government has met its burden of proof on the issue of reasonableness of the assessments. The taxpayer's circumstances indicate that assets are being or have been concealed, transferred or may be dissipated. In addition, the taxpayer's financial solvency can be seen as imperiled when viewing case law precedents.

APPROPRIATENESS OF AMOUNT

██ The taxpayer has the burden of showing that the amount assessed by the I.R.S. is inappropriate. The affidavit submitted by attorney Polis and the cross-examination of Detective Jones indicate that the primary informant, Iris Geoghagen, changed her estimates of the income received by Nolan from prostitution. Despite the presumption that the amount assessed by the Secretary is reasonable, *Canon, supra*, substantial doubt is raised by the conflicting reports of a known informant who did not appear before the Court. In addition, the amounts of drugs allegedly sold by Nolan appear to be uncertain. Also, Nolan alleges that the income derived from services to entertainer David Allen Coe were only earned periodically rather than every week as the I.R.S. estimates assume. These "substantial doubts" allow this Court to find that the amount of income on which the assessments are based should be redetermined by the Secretary, 26 U.S.C. § 7429(b)(3). As in *Davis v. United States, supra* at 196–197, a remand is appropriate when estimates of income reflect such conflicting views.

THEREFORE, IT IS ORDERED that the assessments made on the income of plaintiff-taxpayer Nolan are reasonable under the circumstances.

IT IS FURTHER ORDERED that the estimated amount of income be redetermined pursuant to 26 U.S.C. § 7429(b)(3).