**Hector REY BALAGUER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 85–1841.**

United States District Court, D. Puerto Rico.

March 9, 1987.

Diego Pagan-Gutierrez, Old San Juan, P.R., for plaintiff.

Stephen Carlton, U.S. Dept. of Justice, Tax Div., Washington, D.C., Enrique Lamoutte, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiff brought this action under 26 U.S.C. § 7429(b), to review a jeopardy assessment and termination notice sent to him by the Internal Revenue Service (IRS). On June 21, 1985, the IRS notified plaintiff that it was performing a jeopardy assessment of his tax liability and terminating the taxable year of 1985. The IRS had concluded that plaintiff appeared to be

quickly placing his property beyond the reach of the government by concealing, dissipating, or transferring it to other persons. As a result, the IRS assessed on plaintiff a tax liability of $218,108 for the year 1983, of $180,819 for the year 1984, and of $51,776 for the year 1985, for a total tax liability of $450,703.

■ Plaintiff filed the complaint before us on August 30, 1985, alleging that the jeopardy assessment was unreasonable and the amount assessed inappropriate. On September 3, 1985, plaintiff requested a stay of proceedings on this matter, which we granted at a hearing held on September 20, 1985. After the controversy was joined, and the parties had submitted various motions before us, we referred the case to the United States Magistrate who submitted a report recommending that defendant's motion for summary judgment be granted. Because plaintiff filed a timely objection to the magistrate's report, we must make a *de novo* determination before deciding whether to adopt the magistrate's recommendation. 28 U.S.C. § 636(b)(1)(C).

■ Pursuant to 26 U.S.C. §§ 6851, 6861 and 6862, the IRS may perform jeopardy assessments of a taxpayer's liability and terminate the current or preceding taxable year, if the collection of taxes from that taxpayer may be prejudiced by delay. The effect of these procedures is to render these taxes immediately due and payable, so that the IRS can act to insure collection. The taxpayer can appeal the determination of the IRS through administrative channels under 26 U.S.C. § 7429(a).

■ When administrative review is unavailing, the taxpayer can appeal to the United States District Court under Section 7429(b). The purpose of this section is to allow the court to make an independent determination as to the reasonableness and appropriateness of the jeopardy assessment. *Haskin v. United States*, 444 F.Supp. 299, 304 (D.C.Cal.1977). This determination is of a summary nature and does not amount to a final determination of plaintiff's correct tax liability. *Haskin, supra; Nolan v. United States*, 539 F.Supp. 788, 790 (D.Ariz.1982). In making our de-

termination, we shall give no deference to the decision of the IRS. *Loretto v. United States*, 440 F.Supp. 1168, 1172 (E.D.Pa. 1977).

■ Our inquiry in this case is limited to determining (1) whether the jeopardy assessment was reasonable under the circumstances, and (2) whether the amount so assessed was appropriate. 26 U.S.C. § 7429(b)(1) and (2). The government has the burden of proving the reasonableness of the jeopardy assessment, while plaintiff has the burden of proving that the amount assessed by the IRS is not appropriate. 26 U.S.C. § 7429(g)(1) and (2); *Marranca v. United States*, 587 F.Supp. 663, 668 (M.D. Pa.1984). The standard of review for reasonableness under the circumstances has been described as "something more than not arbitrary or capricious, and something less than supported by substantial evidence." *Loretto, supra; Nolan, supra; Berkery v. United States*, 544 F.Supp. 1, 5 (E.D.Pa.1982).

We must also determine whether to decide this case on a motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure establishes the proper standard for deciding a motion for summary judgment. Summary judgment may be granted if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Not only must there be no genuine issues of fact, there must also be no controversy as to the inference to be drawn from them. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Cía. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404 (1st Cir.1985).

From the record and the motion submitted, we find the following undisputed facts. Plaintiff was, at the time of his arrest, a Puerto Rico lottery ticket vendor who sold a large volume of tickets both in Puerto Rico and in New York. Plaintiff filed joint federal tax returns for the years 1983 and 1984 in which he reported a total adjusted gross income in the amount of $21,200 for 1983 and of $18,900 for 1984.

He also filed a 1983 Puerto Rico income tax return reporting his total business income as $14,500. In his federal tax returns, plaintiff listed a New York address.

On June 6, 1985, plaintiff was arrested as a result of "Operation Greenback", undertaken by federal law enforcement agencies to investigate money laundering activities in Puerto Rico. At the time of his arrest, plaintiff had in his possession $90,-951.71 in currency and 540 Puerto Rico lottery tickets. On or about October 29, 1985, plaintiff entered guilty pleas as to two of the counts charged against him. The following day, he pleaded guilty to another count.

■ Having taken into consideration the above facts and standards of law, we find that the jeopardy assessment and termination notice issued by the IRS in this case were reasonable under the circumstances. Plaintiff was involved in a criminal activity involving money laundering and had in his possession at the time of his arrest a large amount of money and lottery tickets. Because these are very liquid assets, collection of taxes would have been very difficult, if not impossible. Furthermore, plaintiff had given a New York address in his federal tax returns, and had admitted to an undercover agent that he sold Puerto Rico lottery tickets in New York. Indeed, the facts in this case closely resemble those in *Loretto v. United States, supra,* in which the court upheld a jeopardy assessment against the plaintiff. In that case, the government found a substantial amount of drugs and cash in the possession of plaintiff at the time of his arrest. As in the case before us, the income plaintiff had reported in his tax returns was much smaller than the amount of cash found in his possession. *Loretto, supra,* at 1174. We therefore find that defendant has satisfied its burden of proving that the action by the IRS was reasonable.

■ Plaintiff's arguments against the reasonableness of defendant's action are unpersuasive. The facts about the sentence served by plaintiff and his alleged problems in paying the fine imposed on him may be relevant at the time of determining his correct tax liability, but are not relevant at this stage of proceedings. Moreover, in his motions plaintiff does not deny any of the facts listed above. There is no dispute as to the amount of money found in plaintiff's possession, or as to his criminal activities involving money laundering, or as to the fact that he sold Puerto Rico lottery tickets in New York. There is a controversy as to the actual amounts plaintiff earned by selling the lottery tickets in New York, but this issue is immaterial to the question of the reasonableness of the jeopardy assessment.

■ Plaintiff also argues that the IRS, in making the jeopardy assessment, considered evidence that could be inadmissible hearsay at trial and that therefore no value should have been given to that evidence. We find no merit in this argument. In reaching administrative decisions the government can consider hearsay evidence. 5 U.S.C. § 556(d); *Richardson v. Perales,* 402 U.S. 389, 407–08, 91 S.Ct. 1420, 1430, 28 L.Ed.2d 842 (1971); *Sears v. Department of the Navy,* 680 F.2d 863, 866 (1st Cir.1982). This assertion also applies to the IRS's determination whether to make a jeopardy assessment. *Revis v. United States,* 558 F.Supp. 1071, 1075 (D.R.I.1983); *Marranca v. United States, supra.* We conclude that the making of the jeopardy assessment and termination notice against plaintiff were reasonable.

■ We now address the question of the appropriateness of the amount assessed by the IRS. Since there is a rebuttable presumption that the amount assessed by the government is reasonable, plaintiff carries the burden of proving that such amount was inappropriate. *Revis v. United States, supra,* at 1074; *De Lauri v. United States,* 492 F.Supp. 442, 446 (W.D.Tex.1980). Plaintiff has failed to meet this burden.

Plaintiff has filed affidavits from some retail lottery ticket vendors who purchased their tickets from plaintiff. Plaintiff argues that because these affidavits show that some or all of the 540 tickets found in plaintiff's possession at the time of his arrest were for sale in Puerto Rico, the

government's assumption that those tickets were for sale in the United States was incorrect, and the calculations made by the government to determine plaintiff's tax liability were therefore erroneous. However, plaintiff fails to make a connection between those affidavits, in which the affiants state that they purchased tickets from plaintiff, and the 540 lottery tickets found on plaintiff's possession. Plaintiff has not shown that all or some of those tickets seized were for sale in Puerto Rico. Under the circumstances, it was reasonable for defendant to conclude that all those tickets were for sale in the United States.

In one of the affidavits submitted by plaintiff, it is stated that the sale price of a Puerto Rico lottery ticket in the streets of New York is $30 for a regular lottery ticket. The government, on the other hand, used the price of $50 per ticket, basing its calculations on the sale price of a lottery ticket in New York's black market, as stated by an IRS agent. Although this presents a sort of controversy of fact, the same is not material to the issue before us, since there has been no showing that plaintiff actually sold the tickets in New York at $30 per ticket. Furthermore, more than $90,000 were found in plaintiff's possession at the time of his arrest. Plaintiff does not provide a single explanation for the presence of such a large amount of cash in his possession. Given this fact, as well as all the other uncontroverted material facts in this case, we find that the amount assessed by the IRS was appropriate.

■ Having found that there is no controversy as to any material fact, we hold that, as a matter of law, the jeopardy assessment and termination notice issued by the IRS in this case were reasonable under the circumstances, and that the amount so assessed was appropriate. We emphasize, however, that our present holding is limited to the determination of the reasonableness of defendant's jeopardy assessment; it has no bearing on any future determination of plaintiff's tax liability.

Defendant's motion for summary disposition is hereby GRANTED. The complaint herein shall be and is hereby dismissed.

The clerk shall enter judgment accordingly.

SO ORDERED.