Kenneth M. SCHAEFER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 86–C–676.

United States District Court,
E.D. Wisconsin.

March 27, 1987.

Giesen & Berman by Charles W. Giesen, Madison, Wis., for plaintiff.

Jeffrey D. Snow, Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On March 26, 1986, Kenneth Schaefer planned to depart from Mitchell International Airport on a flight bound for Tampa and Miami. His trip was cut short when agents of the Drug Enforcement Agency (DEA) discovered and seized a total of $49,570 in cash from him during the course of a search of his person and his travel bag. On April 17, 1986, the Internal Revenue Service (IRS) issued a termination assessment against Mr. Schaefer according to 26 U.S.C. §§ 6851 and 6867. Pursuant to these code provisions, Mr. Schaefer's 1986 tax year was summarily terminated, and he was assessed income tax in the amount of $24,785, one-half of the total amount of cash seized. At Mr. Schaefer's request, the District Director of the IRS administratively reviewed the assessment in accordance with 26 U.S.C. § 7429(a)(2); the assessment was upheld. Consequently, Mr. Schaefer commenced this action under 26 U.S.C. § 7429(b), seeking an expedited judicial review of the termination assessment. After a hearing on February 25, 1987, the matter was taken under advisement. Having considered the evidence and arguments presented, I conclude that the IRS' assessment was reasonably made and must be affirmed; however, I am not persuaded that the amount of the assessment was "appropriate under the circumstances." Accordingly, I direct the defendant to arrange for a redetermination of the amount of assessment pursuant to 26 U.S.C. § 7429(b)(3).

## FINDINGS OF FACT

$44,100 in currency was found in a canvas bag that Kenneth Schaefer was attempting to transport with him on a flight to Tampa. According to the testimony of Officer William Zieman, an officer of the Milwaukee County Sheriff's Department assigned to Mitchell International Airport, this cash was found during a search undertaken after Merlin, a trained drug detection dog, alerted to Mr. Schaefer's bag as one in which drugs were detected. During the search, Mr. Schaefer's passport was also found in the bag. It was stamped in several places indicating short trips to the Cayman Islands on at least four different occasions in the two years prior to the search. An additional $5,470 in cash was found on Mr. Schaefer, but no drugs were located either in the bag or on Mr. Schaefer. The cash was seized, but no probable cause existed to arrest Mr. Schaefer; he left the airport, leaving the currency in the custody of the DEA where it remains to date.

Special Agent Robert Surprenant of the IRS was contacted to investigate the possible tax consequences of the cash seized. He testified that he first undertook an investigation of Mr. Schaefer's tax history and discovered that Mr. Schaefer had not filed a federal tax return since 1978, nor had he filed a state return since 1979. Agent Surprenant also testified that his investigation revealed that Mr. Schaefer had no identifiable employment.

In light of Mr. Schaefer's inaccessibility, as well as his financial and tax history, a notice of termination assessment was issued on April 17, 1986. According to the written statement of computation attached to this notice, the amount assessed was calculated pursuant to 26 U.S.C. § 6867(b)(2) to be $24,785, 50% of the cash found in Mr. Schaefer's possession on March 26, 1986.

## CONCLUSIONS OF LAW

"Section 7429 provides for 'expedited' administrative and judicial action in an effort to eliminate to the extent practicable the inevitable delay in obtaining review of jeopardy and termination assessments under [normal assessments review] law." *Hiley v. United States*, 807 F.2d 623, 626 (7th Cir.1986). A hearing under § 7429 is not a plenary proceeding on the merits of a taxpayer's liability. Rather it "is similar to a preliminary examination for probable cause

in a criminal proceeding." *United States v. Doyle*, 482 F.Supp. 1227, 1229 (E.D.Wis. 1980).

Thus, judicial review under 26 U.S.C. § 7429(b) consists of just two inquiries. First I must determine whether the making of the assessment was "reasonable under the circumstances." 26 U.S.C. § 7429(b)(2)(A). Though the statutes themselves do not provide guidance as to what constitutes "reasonableness under the circumstances," for purposes of judging the propriety of a termination assessment "the term means something more than 'not arbitrary or capricious' and something less than 'supported by substantial evidence.'" *Breider v. United States*, 614 F.Supp. 1200, 1202 (E.D.Wis.1985). *See also Loretto v. United States*, 440 F.Supp. 1168 (E.D. Pa.1977). If I find that the assessment was reasonably made, I must then determine whether the amount assessed was "appropriate under the circumstances." 26 U.S.C. § 7429(b)(2)(B).

■ The government has the burden of proof on the first inquiry. 26 U.S.C. § 7429(g)(1). As to the second inquiry, however, the burden of proof is on the taxpayer except that the IRS must "provide a written statement which contains any information with respect to which [its] determination of the amount assessed was based...." 26 U.S.C. § 7429(g)(2).

*Reasonableness of the Assessment*

■ The IRS is authorized, under circumstances suggesting that collection of income tax from a particular taxpayer would be jeopardized by delay, to terminate the taxpayer's tax year and impose an immediate tax, a "termination assessment." 26 U.S.C. § 6851(a)(1). Under certain conditions in order to establish jeopardy for purposes of imposing a termination assessment, the IRS is afforded the benefit of certain presumptions set forth in 26 U.S.C. § 6867. According to this code provision, if an individual is found in possession of a large amount of cash (an amount in excess of $10,000), and does not claim ownership of such cash, "for purposes of sections 6851 and 6861, it shall be presumed that such cash represents gross income of a single individual for the taxable year in which the possession occurs and that the collection of tax will be jeopardized by delay." 26 U.S.C. § 6867(a).

In the instant case, it appears that the IRS relied upon these presumptions originally to make its assessment against Mr. Schaefer. The first condition of § 6867 was met: Mr. Schaefer was found in possession of $49,570 in cash. However, the evidence clearly suggests that Mr. Schaefer claims ownership of the subject cash. Therefore, I must conclude that the second prerequisite set forth in section 6867 has not been established in this case.

Although Officer Zieman testified that Mr. Schaefer did not claim the subject cash as his own, on cross examination, Officer Zieman also admitted that Mr. Schaefer was not explicitly asked whether he owned the money. Moreover, before leaving the airport on March 26, 1986, Mr. Schaefer signed a receipt as claimant for the money. Other evidence leads me to the same conclusion: One of Mr. Schaefer's attorneys, Morris D. Berman, asserted Mr. Schaefer's claim to the cash in a letter dated July 2, 1986, requesting the IRS to reconsider its termination assessment. Also, in responding to the defendant's request for admissions, Mr. Schaefer essentially admits ownership of the cash. *See* Defendant's Exhibit # 4 (Plaintiff's Response to Defendant's Request for Admissions # 13). I construe these facts to be sufficient indicia of ownership to preclude a termination assessment based on the presumptions provided in 26 U.S.C. § 6867.

■ The plaintiff urges me to conclude that the assessment cannot be found to have been reasonably made in this case because it was made in part pursuant to 26 U.S.C. § 6867. I am unswayed by this suggestion. In determining whether an assessment is reasonable, the court should "take into account not only information available to the Service at the time of the assessment but also any other information which bears on these issues." S.Rep. No. 938, 94th Cong., 2d Sess. 365, *reprinted in* 1976 U.S.Code Cong. & Admin.News 2897,

3439, 3794. *See also Loretto, supra,* 440 F.Supp. at 1173 (discussing significance of this legislative history). Thus, even if the IRS originally issued its assessment based upon the erroneous and unreasonable assumption that Mr. Schaefer did not claim ownership of the $49,570, the facts established through testimony and documents presented to me at the hearing in this case persuade me that the government has met its burden of proof on the reasonableness of its termination assessment under the auspices of 26 U.S.C. § 6851.

■ A termination assessment pursuant to 26 U.S.C. § 6851 is "reasonable under the circumstances" if any one of the following conditions exists:

(i) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself or herself.

(ii) The taxpayer is or appears to be designing quickly to place his, her, or its property beyond the reach of the Government either by removing it from the United States, by concealing it, by dissipating it, or by transferring it to other persons.

(iii) The taxpayer's financial solvency is or appears to be imperiled.

26 C.F.R. § 1.6851–1(a)(i)–(iii) (1986).

The evidence persuades me that the second and third of these conditions exist in the instant case. Accordingly, I conclude that the making of the assessment against Kenneth Schaefer was "reasonable under the circumstances."

Although it is clear that Mr. Schaefer's stash of cash cannot be depleted (it is in the custody of the DEA), the second condition of the treasury regulation quoted above is nevertheless satisfied in this case. *See* 26 C.F.R. § 1.6851–1(a)(ii). The large amount of cash he carried, his short trips to the Cayman Islands, and his failure to file any type of tax returns since at least 1979 all suggest that Kenneth Schaefer was not likely to report his income and was likely to conceal his assets.

Under circumstances similar to these, other courts have determined that a termi-nation assessment was reasonably made. *See Rogers v. United States,* 511 F.Supp. 82, 84 (D.Minn.1982) (large amount of accessible cash and failure to file income tax returns, among other things, support finding that making of assessment was reasonable); *Gaston v. United States,* 79–1 U.S. T.C. ¶ 9126 (N.D.Ga.1978) (failure to file tax returns, multiple addresses and $81,000 in cash found in taxpayer's travel bag, among other things, supported finding of reasonable making of assessment).

Finally, the undisputed testimony that Mr. Schaefer is unemployed and possesses nothing in the way of real property and personal property, other than the cash currently in the possession of the DEA, consisting only of two older model used cars, persuades me that the government has met its burden of proof on the final condition: Mr. Schaefer's financial solvency is or appears to be imperiled.

*Appropriateness of the Amount Assessed*

■ As to the appropriateness of the calculation of the assessment, the government contends that because the plaintiff has presented no evidence to dispute the IRS computation of amount, he has not met his burden of proof. I disagree. It is true that 26 U.S.C. § 7429(g)(2) imposes on the taxpayer the burden of proof with respect to the appropriateness of the amount assessed. However, this burden materializes only when the IRS provides "a written statement which contains any information with respect to which [its] determination of the amount assessed was based...."

In the instant case, the IRS attached what appears to be such a written statement to its notice of termination assessment. However, this written statement indicates only that computation of the assessment was made pursuant to 26 U.S.C. § 6867(b). Although the plaintiff has not established a great deal in this matter, as noted in my opinion, he has established that 26 U.S.C. § 6867 is inapplicable to this case. Therefore, Mr. Schaefer has satisfied his burden of proof to show that the amount assessed according to the rules for assessing set forth in § 6867 is not appropriate.

## CONCLUSION

Thus, I conclude that although the termination was reasonably made in this case, the amount of the assessment is inappropriate under the circumstances.

Therefore, IT IS ORDERED that the IRS termination assessment be and hereby is affirmed.

IT IS ALSO ORDERED that the amount of the termination assessment be redetermined by a delegate of the Secretary of the IRS according to 26 U.S.C. § 6851(a)(2) and cause the same to be served and filed with the clerk of this court no later than 30 days after the date of this decision and order.