UNITED STATES of America, Plaintiff,

v.

Felix VICKNAIR, Defendant.

No. 78–795–Civ–JLK.

United States District Court,
S. D. Florida.

June 8, 1978.

Martin B. Whitaker, Justice Dept., Washington, D. C., for plaintiff.

Joel Hirschhorn, Miami, Fla., for defendant.

### ORDER APPROVING JEOPARDY ASSESSMENT

JAMES LAWRENCE KING, District Judge.

This cause comes before the court in the form of an action for the early determination of the reasonableness and appropriateness of an Internal Revenue Service Jeopardy Assessment pursuant to 26 U.S.C. § 7429(b).[1]

In this jeopardy assessment proceeding, this court must determine whether the decision of the Internal Revenue Service to levy an assessment against the taxpayer Vicknair for the calendar years 1975 and 1976 was reasonable. This determination is to be made on the basis of facts known to the Service at the time the assessment was made along with any facts which subsequently come to the attention of the court through to the termination of the required hearing on this matter. *Haskin v. United States,* 444 F.Supp. 299 (D.C.Cal.1977).

There are two segments of the judicial determination at a jeopardy proceeding. The first entails a consideration of the rea-

---

1. The jeopardy assessment itself is authorized under 26 U.S.C. § 6861.

sonableness of the decision to make such an assessment. The second centers on the appropriateness of the amount determined to be in jeopardy for the years in question. Because taxpayer does not challenge the appropriateness of the amount selected, this court turns its attention to the only issue before it—the reasonableness of the assessment itself.

In its adoption of 26 U.S.C. § 7429 in 1976, Congress contemplated judicial review of a jeopardy assessment on an expedited basis. That statute was adopted with the Congressional understanding that the jeopardy assessment is warranted if the taxpayer

> is or appears to be designing quickly to place his property beyond the reach of the Government . . . by transferring it to other persons, or by dissipating it.

Tax Reform Bill of 1976 (H.R. 10612), Report of the Senate Finance Committee, 63 *Standard Federal Tax Reports,* # 28, p. 360 (June 16, 1976). See, Joint Committee on Taxation, *General Explanation of the Tax Reform Act of 1976,* H.R. 10612, 94th Cong., 2d Sess., p. 361, n.7 (1976).

█ In judging whether this condition is satisfied with regard to Felix Vicknair, the burden of proof is upon the Government.

The pivotal facts introduced by the Government at the hearing held on this matter March 27, 1978, center on large unexplained increases of net worth experienced by the taxpayer in the years at issue. Agent Braceras, who testified at the hearing with regard to the computations made by the IRS on the subject of net worth increases, indicated that:

> (i) from 1974 to 1975, taxpayer's net worth increased $117,461.
>
> (ii) from 1975 to 1976, taxpayer's net worth increased $1,733.452.

Tr. 19. At the same time, Braceras testified that the taxpayer only reported $1,263 as adjusted gross income for 1975 and $31,-800 of adjusted gross income for 1976. Moreover, during the period from May 10, 1977 to July 20, 1977, Vicknair was involved in frequent transactions with an entity in Nassau, Bahamas these transactions involved the exportation of $807,351 in currency from the United States. Tr. 36.

These facts are a source of concern for the following reasons. While the court believes it would not be sufficient, in support of a jeopardy assessment, for the Government to demonstrate *only* that a taxpayer had a sizeable tax deficiency based on accumulated assets and a dramatic increase in net worth, there is an additional factor present herein. That additional factor is the exportation of large amounts of currency by Mr. Vicknair from this country.

The repeated transactions of Mr. Vicknair with the Bahamas, whether those transactions be legitimate or not, are indicative of a structure recently employed for the dissipation of substantial assets beyond the bounds of the United States. This court is mindful of the taxpayer's explanation that these transactions were based on the fact that the taxpayer's primary shipping vessel often was docked at Nassau and that her shipping costs were astronomical. However, this court is also mindful of Congress' explicit concern over the possibility that a taxpayer might dissipate his assets outside the United States in a manner that would place them beyond the reach of the IRS.

█ The essential determination that this court must make here is whether the Government has proven that the taxpayer is now or is designing quickly to place his assets beyond the reach of the proper authorities in this country. Because this court believes this factor to be present here, the Government's determination of a jeopardy assessment is approved as reasonable given the circumstances recited herein.