**Patrick DeLAURI and Del Enterprises, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. EP–80–CA–124.**

United States District Court, W. D. Texas.

July 1, 1980.

Sam Sparks and Hector Delgado, El Paso, Tex., for plaintiffs.

Shawna L. Brown, U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

HUDSPETH, District Judge.

This action was filed by Plaintiffs, Patrick DeLauri and Del Enterprises, Inc., seeking judicial review pursuant to 26 U.S.C. § 7429(b) of jeopardy assessments for income tax levied against them by the Internal Revenue Service (IRS) on March 3, 1980.

The jeopardy assessments were made pursuant to 26 U.S.C. § 6861(a), which provides for immediate assessment of tax deficiencies if the IRS believes that collection of such deficiencies will be jeopardized by delay. Letters were mailed to Plaintiffs on March 3, 1980, notifying them of the amounts of the assessments and their rights to administrative and judicial review, but the letters were returned by the Postal Service marked "unclaimed" and "undeliverable—no forwarding address." An ad-

ministrative review took place on April 24, 1980, at the request of the Plaintiffs, at which time the assessments were reaffirmed. Suit was filed on May 2, 1980. The time within which the Court was to have made its determination was extended at the request of the taxpayer pursuant to 26 U.S.C. § 7429(c). A hearing on the complaint was held on June 19 and 20, 1980.

Plaintiffs present a number of reasons why the jeopardy assessments should be abated. Initially, it is claimed that the notice requirements of 26 U.S.C. § 7429(a)(1) were not fully satisfied. A vague claim of inadequacy of the administrative review was raised briefly at the hearing, but the evidence presented was insubstantial; and, therefore, it will not be discussed further. Plaintiffs also contend that the Government failed to carry its burden of proving the reasonableness of the making of the jeopardy assessment, and that the Government's claimed amounts of tax due are inappropriate.

A. *Sufficiency of the Notice.*

▮ Defendant asserts that the requirements of § 7429(a)(1) were met by the letters sent to Plaintiffs on March 3, 1980. Section 7429(a)(1) requires that within five days after an assessment is made under 26 U.S.C. § 6861(a), "the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment." 26 U.S.C. § 7429(a)(1). Since this provision does not specify how the "written statement" is to be "provided," the IRS has adopted the procedure detailed in 26 U.S.C. § 6212, requiring that notice be sent to the taxpayer's last known address by certified or registered mail. Under that provision, actual receipt of the notice has never been the test for sufficiency. *Wilson v. Commissioner of Internal Revenue*, 564 F.2d 1317, 1319 (9th Cir. 1977), *cert. denied*, 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978). Plaintiffs' failure to receive the notices sent in this case was due to their own actions, in that DeLauri did not claim his own letter, and did not leave a forwarding address for Del Enterprises, Inc.

▮ Although notice was "provided," a serious question exists as to the adequacy of the "information" contained in the notice. In an apparent attempt to comply with § 7429(a)(1), the notices included the following or similar language:

"Under Section 6861 of the Internal Revenue, you are notified that I have found you appear to be designing quickly to place property beyond the reach of the Government by dissipating it, or by transferring it to other persons; thereby, tending to prejudice or render ineffectual collection of income tax for the periods ended December 31, 1973, December 31, 1974, and December 31, 1975. Accordingly, based on information available at this time, I have approved assessment of tax and additional amounts to be due as reflected in the attached computations: . . . ."

It will be noted that this language is almost identical to that which the court in *Fidelity Equipment Leasing Corp. v. United States*, 462 F.Supp. 845, 848 (N.D.Ga.1978), found did not fulfill the requirements of the statute. The IRS continues to provide the taxpayer with mere conclusions, rather than the information which leads to those conclusions. The *Fidelity* court held that the Government's failure to satisfy the notice requirements of the statute was insufficient to invalidate the jeopardy assessments in that case, primarily because later discovery provided the necessary information. For substantially similar reasons, and because Plaintiffs never actually received the inadequate notice and, therefore, could not have been seriously prejudiced thereby, this Court also finds that Defendant's failure to provide the information required by the statute will not serve to abate the jeopardy assessments in *this* case. However, the Government must not continue to flout the clear requirements of the statute. The *factual* basis upon which the IRS relies in choosing to impose a jeopardy assessment must be included in the written statement to the taxpayer. Statutory provisions cannot be ignored by the very agency whose duty it is to enforce those statutes. Should

inadequate notice be given in a future case, the proceedings will be abated, and the furnishing of an adequate written statement will be required.

B. *Reasonableness of the Jeopardy Assessment.*

■ The Government has the burden of proving that the making of an assessment is reasonable under the circumstances. 26 U.S.C. § 7429(g)(1). The Court may consider all relevant evidence in determining such reasonableness, not just that which was available to the IRS at the time of the assessment. *Loretto v. United States,* 440 F.Supp. 1168, 1173 (E.D.Pa.1977). The standard of review to be used by the Court has been classified as an intermediate position somewhere between the "arbitrary and capricious" standard and the "substantial evidence" test. *Id.* at 1172.

■ A jeopardy assessment is properly levied if *one* of the following conditions is met:

(1) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself;

(2) The taxpayer is or appears to be designing quickly to place his property beyond the reach of the Government either by removing it from the United States, or by concealing it, or by transferring it to other persons, or by dissipating it; or

(3) The taxpayer's financial solvency appears to be imperiled.

General Explanation of the Tax Reform Act of 1976, Joint Committee on Taxation, H.Rep. No. 10612, 94th Cong. 2d Sess., n. 1 at 360; *McAvoy v. Internal Revenue Service,* 475 F.Supp. 297, 299 (W.D.Mich.1979). While the taxpayers' solvency was put in issue, the Government in this case relies primarily upon the allegation that the taxpayers are designing quickly to dissipate or transfer their property. In support thereof, the Government points to the following facts: In February, 1976, Plaintiff DeLauri was contacted by agents of the IRS, and was informed that his personal tax returns and those of his wholly-owned corporation, Del Enterprises, Inc., for the tax years 1973, 1974, and 1975, were the subjects of a criminal investigation. As of that date, DeLauri owned five tracts of real estate valued on a cost basis at approximately $375,000. In March, 1977, DeLauri sold one of the five tracts. Three months later, he was informed that criminal prosecution would be recommended. In July, 1977, he sold one-half of a second piece of property. Early the following year, DeLauri's case was forwarded to the Department of Justice for prosecution, and DeLauri was so informed. Within four months, he sold a third tract of land. On the first day of his trial for income tax evasion in November 1979, he sold the remaining one-half of the second tract of property. In December, 1979, DeLauri was found guilty on nine counts of income tax evasion. On February 6, 1980, the IRS agent in charge of the DeLauri investigation was notified that DeLauri was looking for a buyer for a fourth piece of property and was attempting to sell his home, the remaining real estate in his possession. On February 10, 1980, the agent discovered an advertisement in the *El Paso Times,* offering the doughnut shops owned by DeLauri's other corporation, Brode Inc., for sale. Evidence at the hearing on the merits of this case indicates that DeLauri has sold his home, and now owns only one parcel of real estate, consisting of .877 acres in Ysleta. The only property owned by Del Enterprises, Inc. is a note receivable in the amount of $45,527.78 from Brode, Inc. DeLauri's most recent financial statement represents the value of his Brode, Inc. stock to be zero.

■■ Plaintiff claims that the transfers were necessary for the operation of his retail doughnut business; and, therefore, the assessments were unreasonable under the circumstances. While the motives behind a taxpayer's transfer of assets may be a relevant consideration in making the "reasonableness" determination, they are not dispositive of the issue. *United States v. Vicknair,* 452 F.Supp. 470, 471 (S.D.Fla.1978); *Fidelity Equipment Leasing Corp. v. United States, supra,* 462 F.Supp. at 849; *Johnson v. Commissioner of Internal Revenue,* 468 F.Supp. 461, 463 (M.D.Fla.1979). The primary concern of the Government must be whether or not the taxpayer is, or appears

to be, dealing with his assets in such a manner that they will be placed beyond the reach of the IRS. The transfers of property already accomplished, and any possible future transfers of the remaining property, could seriously jeopardize the collection of any taxes found owing in a civil proceeding. While there is some doubt as to the "quickness" with which the taxpayer had designed to transfer his property, there is significant evidence of such activity even in the more recent transactions. Also see *French v. United States*, 483 F.Supp. 523 (E.D.Okl. 1979). The Defendant has discharged its burden of proving reasonableness.

### C. *Propriety of the Amount.*

■ The final issue concerns the propriety of the amount of the assessment. Under the statute, the taxpayer bears the burden of proving that the assessment is inappropriate. 26 U.S.C. § 7429(g)(2). There is a presumption in favor of the IRS that the amount assessed is proper. *Loretto v. United States, supra*, 440 F.Supp. at 1172 n. 7, and the Court is not expected to determine a taxpayer's ultimate tax liability in the summary proceeding involved in this type of review.

■ This case does not present the typical jeopardy assessment situation, which usually involves income derived from gambling, narcotics, or the like. The differences, however, cut both ways. On the one hand, the Government's claim as to the amount of tax due in the instant case is based upon detailed investigations and computations, not just educated guesses as to the amount of money involved. On the other hand, Plaintiff DeLauri is engaged in a legitimate, ongoing retail doughnut business, which would be endangered by a hasty jeopardy assessment and seizure of assets. Furthermore, although the evidence supports the propriety of the amount of the assessment, substantial questions are presented for civil litigation. Plaintiffs, for example, hotly contest the characterization of certain transactions between DeLauri and his corporation as income instead of loans, and dispute the imposition of the 50 percent fraud penalty. In view of the particular circumstances, the Court must exer-

cise its discretion to fashion an appropriate order. 26 U.S.C. § 7429(b)(3); General Explanation of the Tax Reform Act of 1976, *supra* at 364 n. 5. The Government's legitimate interest in collecting its revenues must be balanced against the taxpayer's need to continue legitimate business operations.

It is, therefore, ORDERED that the Plaintiffs' motion for abatement of the jeopardy assessments and tax liens filed herein be, and the same is hereby, DENIED.

It is further ORDERED that Defendant shall not enforce its liens by any seizure or sale of Plaintiffs' assets pending the determination by the Tax Court of the actual deficiencies owed by the Plaintiffs, or further orders of this Court.