Sandra K. WELCH, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. J83-0607(R).

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 28, 1983.

---

James T. Knight, Jackson, Miss., for plaintiff.

William D.M. Holmes, Tax Div., U.S. Dept. of Justice, Washington, D.C., Daniel E. Lynn, Asst. U.S. Atty., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, District Judge.

In this action, the plaintiff-taxpayer seeks judicial review of jeopardy and termination assessments made against her by the Internal Revenue Service. Jurisdiction is predicated upon 26 U.S.C. § 7429. The complaint requests that the Court determine whether the making of jeopardy assessments under 26 U.S.C. § 6861 and a termination assessment under 26 U.S.C. § 6851 is reasonable under the circumstances and whether the amounts assessed and demanded are appropriate.

The jeopardy assessments were made on June 22, 1983, for the years 1979 through 1982; the termination assessment was made for a portion of 1983. The amounts involved are set forth as follows:

| Taxable Period | Tax | Penalty | Interest | Total |
|---|---|---|---|---|
| 1979 | $36,435 | $10,930.48 | $18,564.24 | $ 65,929.72 |
| 1980 | 88,727 | 26,618.10 | 33,716.98 | 149,062.08 |
| 1981 | 9,705 | 2,911.50 | 2,261.22 | 14,877.72 |
| 1982 | 17,529 | 5,258.70 | 538.17 | 23,370.87 |
| 1–1–83 to 6–22–83 | 32,366.50 | 0 | 0 | 32,366.50 |
| | | | Grand Total | $285,606.89 |

 In a summary proceeding conducted pursuant to 26 U.S.C. § 7429, the Court must make a threshold determination of whether or not the assessment itself was reasonable. Congress has expressed approval of certain standards to be utilized in reaching this question. Further, the parties hereto have agreed that the application of the standards is correct.[1] The standards are:

1. The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself;

2. The taxpayer is or appears to be designing quickly to place his property beyond the reach of the Government either by removing it from the United States, or by concealing it, or by

1. Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1976, H.R. 106012, 94th Cong., 2d Sess., 356, n. 1 (1976).

transferring it to other persons, or by dissipating it; or

3. The taxpayer's financial solvency appears to be imperiled.

In a hearing which occupied one and one-half days, this Court learned that the plaintiff-taxpayer was the wife of Wilton A. Welch, Sr. until January 4, 1983, on which date they were divorced. Mr. Welch has a son, Wilton A. Welch, Jr. At the present time the Internal Revenue Service has similar actions pending against the father and the son.

Apparently the Welches had been separated intermittently for some period of time. The couple, when residing together, made Dallas, Texas, their home. Mrs. Welch lost a car through repossession in 1982; she received welfare in Lauderdale County, Mississippi, in January and February, 1981; she was forced to sue for child support and other relief for the couple's minor child in the Chancery Court of Lauderdale County, Mississippi. Mr. Welch received visitation rights for the minor child in the divorce decree and has on several occasions acted in such a manner as to prompt Mrs. Welch to summon county authorities to her Ridgeland, Mississippi, residence for her protection.

On June 16, 1983, Wilton A. Welch, Sr. and Wilton A. Welch, Jr. were arrested at the plaintiff-taxpayer's residence at 1:40 a.m. on charges of aggravated robbery from Dallas, Texas. The plaintiff-taxpayer had not been at her residence that evening, in fact, she was followed to her home from her place of employment by the arresting officials. The plaintiff-taxpayer was later arrested on the same charges. At 8:40 p.m. on that same day the Ridgeland Sheriff's Department searched Mrs. Welch's residence and found "a large assortment of property," including a 1983 Mercedes, jewelry, firearms, watches, silverware, small amounts of drugs and two suitcases of records. The Jackson Police Department removed this property. On August 8, 1983, the plaintiff-taxpayer, Welch, Sr. and Welch, Jr. were indicted on the aggravated robbery charges by a Dallas, Texas, grand jury. They were also indicted by a Madison County, Mississippi, grand jury in July, 1983, on charges of receiving stolen property, possession of cocaine, and possession of more than an ounce of marijuana.

Amid the plethora of evidence to which this Court listened and which this Court read during the hearing, there was not one shred of evidence that the plaintiff-taxpayer was planning to depart the United States or conceal herself; was attempting to place her property beyond the reach of the government; or that her financial solvency was imperiled. Mrs. Welch has had extremely valuable jewelry in her possession since 1979 and has made no effort to dispose of it in the intervening four years since. It was in her possession at the time of the seizure at her home. She moved from Dallas, Texas, and purchased a home in Ridgeland, Mississippi, expending $18,000 of her money. Even if Mrs. Welch departed the country, there is no way she could remove the house.

Several of the items taken from Mrs. Welch's home were identified as having been taken in the robbery. However, at the hearing, the plaintiff-taxpayer introduced evidence showing that these items were in her possession prior to the robbery.

Since Welch, Sr. had child visitation privileges, he had been in and out of Mrs. Welch's home. Therefore, there is no way to know to whom the materials taken on June 16 belonged. No effort was made to prove ownership among the three adults present that night.

The burden of proof is on the government to prove the assessments were reasonable. The government presented no hard evidence concerning Mrs. Welch which would indicate she was carrying on any activity leading to the three standards by which this Court must judge reasonableness. The government instead attempted to enmesh Mrs. Welch in a web of innuendo woven around her ex-husband and his son. To that end, the government has failed to meet its burden of proof as it concerns the plaintiff-taxpayer in the instant action. Ac-

cordingly, this Court finds that the assessment itself was not reasonable and that the position of the government was unreasonable as against this particular plaintiff-taxpayer.

An order in accordance with the foregoing opinion of this Court shall be provided in accordance with the Local Rules.