**CLARENDON LTD., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 83 Civ. 7235 (RO).**

United States District Court, S.D. New York.

Oct. 25, 1983.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff; Peter Fleming, Jr., T. Barry Kingham, William L. Bricker, Jr., Mark H. O'Donoghue, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., New York City, for defendant United States; Peter C. Salerno, Richard A. Simpson, Asst. U.S. Attys., New York City, of counsel.

### MEMORANDUM AND ORDER

OWEN, District Judge.

Clarendon, Ltd, an international commodities trader founded by Marc Rich, instituted this "summary proceeding" under 26 U.S.C. § 7429 to contest an Internal Revenue Service jeopardy assessment of some $90,000,000 for estimated unpaid taxes, penalties and interest for tax years 1980 and 1981.

There are two issues before me: 1) whether the jeopardy assessment was reasonable under the circumstances, and 2) whether the amount assessed is appropriate under the circumstances. On the first issue the United States has the burden of proof; on the second, the taxpayer does. Reasonable in this situation has been defined to mean more than "not arbitrary and capricious" and less than "supported by substantial evidence."

The assessment is reasonable when at least one of the following three conditions of 26 U.S.C. § 6851(a)(1) are met:

(1) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself;

(2) The taxpayer is or appears to be designing quickly to place his property beyond the reach of the Government either by removing it from the United States, or by concealing it, or by transferring it to other persons, or by dissipating it; or

(3) The taxpayer's financial solvency appears to be imperiled. *McAvoy v. Internal Revenue Service,* 475 F.Supp. 297 (W.D.Mich.1979).

On the facts adduced at the hearing before me, I conclude that the jeopardy assessment was unquestionably reasonable under both (2) and (3) above. Assets of Clarendon shrank from $1 billion to $261 million between March and August of 1983 during the time of government investigation of the entire Marc Rich operation which culminated in an indictment on massive tax and R.I.C.O. charges in September, 1983. Substantial amounts of these assets were used to pay off debt guaranteed by Marc Rich & Co., A.G., Clarendon's former parent company of which Marc Rich is a major stockholder, rather than being kept in use by Clarendon in the normal operation of its business. Clarendon has also, without consideration, guaranteed Marc Rich & Co.'s multimillion dollar fines already accumulating in another proceeding pending in this Court dealing with Marc Rich's failure to turn over documents subpoenaed by a grand jury. The foregoing and other conduct, against a background of 1) a secret shipment of its documents to Switzerland in August, 1983, notwithstanding their being under subpoena by a grand jury in this Court, and 2) Clarendon's long expected indictment on tax and other charges, all amply support the reasonableness of the I.R.S. view that the taxpayer appears to be designing quickly to place its assets beyond the reach of the government.

Further, there is little if any question that the events recited above, and particularly Clarendon's dramatic contraction in size in a few short months in 1983, accompanied by losses, had, prior to the imposition of the jeopardy assessment, brought Clarendon to a troublesome low point, with an obvious impact on banks' willingness to continue needed lines of credit. Clarendon representatives indeed conceded to the United States Attorneys Office that its lines of credit were severely limited, if not frozen. This fully justified the Service's conclusion that "the taxpayer's financial solvency appears to be imperiled."

Turning to the amount assessed, some $90 million, from the evidence it appears that the Service took the tax figures from the indictment of Clarendon—which had been duly voted by a grand jury—and did its own calculations as to penalties and interest. I did not sense a contest on this issue on this record.

Given the foregoing, I conclude that both the imposition of the jeopardy assessment and the amount of assessment were reasonable. Clarendon's action for a determination of this Court to the contrary is therefore dismissed.

So ordered.