Oliver L. VERNON, Jr. and Judy A. Vernon, Plaintiffs,

v.

UNITED STATES of America and Internal Revenue Service, Defendants.

No. C–84–400–WS.

United States District Court, M.D. North Carolina, Winston-Salem Division.

June 13, 1984.

William M. Nicholson, Charlotte, N.C., for plaintiffs.

Roger M. Moore, Elizabeth Sullivan, Department of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

ERWIN, District Judge.

The plaintiffs filed this action on May 7, 1984 seeking judicial review of an Internal Revenue Service (IRS) termination assessment of income tax for 1984.

Pursuant to a valid search warrant issued on February 16, 1984, officials seized several items from the plaintiffs' residence including firearms, illegal drugs, financial records, and over $15,000 in cash. Plaintiff Oliver Vernon was arrested and charged with drug trafficking.

Subsequently, the IRS terminated plaintiff Oliver Vernon's taxable year for 1984 and assessed income taxes for the period January 1, 1984 to February 24, 1984 in the amount of $154,471. The IRS also filed a notice of federal tax lien with the Clerk of Superior Court, Surry County, North Carolina and served a notice of levy upon the cash being held by the Surry County Sherriff's Department. An administrative review was held, and the termination assessment was affirmed. Upon exhaustion of their administrative remedies, plaintiffs filed this action for judicial review pursuant to Section 7429 of the Internal Revenue Code, 26 U.S.C. § 7429, which provides for an expedited hearing in the United States District Court.

The termination assessment in this case was made pursuant to 26 U.S.C. § 6851. That statute provides in pertinent part:

> If the Secretary finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act ... tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or the immediately preceding taxable year unless such proceeding be brought without delay, the Secretary shall immediately make a determination of tax for the current taxable year ... and ... such tax shall become immediately due and payable.

26 U.S.C. § 6851(a)(1). That statute gives the Secretary authority to terminate the taxpayer's taxable year and assess taxes when there is reason to believe the collection of taxes is in jeopardy. The procedure authorized by Section 6851 is used when a tax year has not ended or the due date for filing a tax return has not passed.

Congress recognized the potential for undue hardship suffered by taxpayers subjected to termination assessments and enacted Section 7429 to provide for expedited administrative and judicial review. Under that section, the Secretary must provide the taxpayer with a written statement of the information upon which he relied in making the assessment within five days. The taxpayer may request an administrative review within thirty days after he is furnished the written statement. If there is a request for review, the Secretary must determine whether the making of the assessment is reasonable and whether the amount assessed is appropriate under the circumstances. Upon exhaustion of his administrative remedies, the taxpayer may seek judicial review in the United States

District Court. Within twenty days after the commencement of the action, the district court ·is to determine whether the making of the termination assessment is reasonable under the circumstances and whether the amount assessed is appropriate under the circumstances. The district court's determination is final and. conclusive and may not be reviewed by any other court. 26 U.S.C. § 7429.

▉ The district court is empowered to conduct a summary proceeding in order that an independent determination of reasonableness be made. The court is not limited to consideration of information available to the IRS at the time of the assessment, and the court may consider any information which subsequently becomes available. *McAvoy v. Internal Revenue Service,* 475 F.Supp. 297 (W.D.Mich. 1979).

A hearing was held in this case on May 24, 1984. Upon careful consideration of the pleadings filed, the exhibits and testimony received in evidence, and the arguments of counsel, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

On February 16, 1984, officials of the Surry County, North Carolina Sheriff's Department conducted a search of the plaintiffs' residence. The officers discovered what appeared to be several plastic bags burning inside a wood stove in the front room of the residence and extracted a corner of one bag which contained a small amount of cocaine. The officers also obtained approximately one-fourth pound of marijuana from the bathroom commode. Several firearms, including two machine guns, and a stolen pistol were seized. Cash in the amount of $15,350 in small bills was found in a drawer. The officers also seized plaintiffs' financial records, including a checking account register. Plaintiff Oliver Vernon was arrested and charged with drug trafficking.

Mr. Vernon was notified by letter dated February 27, 1984 that a termination assessment of his income taxes for the period January 1, 1984 to February 24, 1984 had been made. Taxes in the amount of $154,-471.40 were assessed. The letter also advised Mr. Vernon of his right to administrative and judicial review.

In making the assessment, the IRS relied upon information received by Detective James Miller of the Surry County Sheriff's Department concerning Mr. Vernon's involvement in drug activity. The IRS computed Mr. Vernon's gross income for 1984 based upon the sale of two kilograms of cocaine per week. The sale price of one kilogram of cocaine was estimated to be $40,000. The taxpayer was allowed $20,-000 per kilogram as the cost of purchasing cocaine for resale. Mr. Vernon was also allowed one personal exemption of $1,000.

Plaintiff Oliver Vernon requested and received an administrative review. On review, the termination assessment was determined to be reasonable and appropriate under the circumstances.

No termination assessment was made against plaintiff Judy Vernon.

At the hearing held in this case, copies of Mr. Vernon's tax returns for the years 1980 through 1982 were introduced in evidence. The taxpayer's adjusted gross income for 1980 was $9,500, and his itemized deductions for that year totaled $4,518. A negative adjusted gross income of $299.67 was reported for 1981. Adjusted gross income of $953.79 was reported for 1982.

Financial records seized from the Vernon home during the raid indicate that in 1980, Mr. Vernon purchased a '78 Porsche automobile, a Hobie Cat sailboat for the purchase price of $3,228, and a pair of diamond earrings valued at $3,295. Those financial records also indicate the purchase of a full length ranch mink coat and a Canadian red fox jacket valued at $12,400 in 1981.

### Conclusions of Law

▉ The court lacks jurisdiction over the Internal Revenue Service. The proper defendant is the United States. 26 U.S.C. § 7429(b)(1)(B). The court also lacks juris-

diction over the claim by plaintiff Judy A. Vernon. This court has jurisdiction of the complaint for judicial review of Oliver Vernon pursuant to Section 7429(b) of the Internal Revenue Code. 26 U.S.C. § 7429(b).

■ The Government has the burden of establishing that the making of the assessment was reasonable under the circumstances. " '[R]easonable under the circumstances' means something more than 'not arbitrary or capricious', and something less than 'supported by substantial evidence.' " *Berkery v. United States*, 544 F.Supp. 1, 5 (E.D.Pa.1982). The Government has met its burden in this case. Evidence indicating Mr. Vernon's involvement in illegal drug activities, the amounts of cash and drugs found in the plaintiffs' home, the small amounts of income previously reported by the taxpayer, and the evidence of major cash purchases indicate that the plaintiff was earning income from illegal activity and failing to report that income. Under the circumstances, the making of the termination assessment was reasonable.

■ The taxpayer has the burden of proving that the amount of the assessment is inappropriate under the circumstances. 26 U.S.C. § 7429(g)(2). In the instant case, Mr. Vernon failed to produce any evidence which would establish that his income for the terminated period was less than the amount assessed by the IRS. Therefore, the court concludes the amount assessed against Mr. Vernon is appropriate under the circumstances.

The court will enter judgment dismissing this action in accordance with this Memorandum Opinion.