Helene M. KLOTZMAN, Transferee of Richard Klotzman, and as Representative of Richard Klotzman and Helene Klotzman, Tenants by Entireties, Transferee of Richard Klotzman and as Trustee of Heidi Klotzman, Transferee of Richard Klotzman

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE.

Civ. No. JH–85–2405.

United States District Court, D. Maryland.

June 25, 1985.

James B. Feaster, Detroit, Mich., Melvyn J. Weinstock, and Weinberger, Weinstock, Sagner, Stevan & Harris, P.A., Baltimore, Md., for plaintiff, Helene Klotzman.

Asst. U.S. Atty. Juliet A. Eurich, Baltimore, Md., and Michael J. Kearns, Washington, D.C., for defendant, U.S. of America, I.R.S.

## MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

On March 29, 1985, the District Director of Internal Revenue for Baltimore made jeopardy assessments (26 U.S.C. § 6861) against Helene Klotzman as transferee of Richard Klotzman; Helene Klotzman, trustee for Heidi Klotzman, as transferee of Richard Klotzman; and, Richard Klotzman and Helene Klotzman, tenants by the entireties, as transferees of Richard Klotzman, in the amounts of $125,196, $125,000, and $179,452, respectively. Mrs. Klotzman administratively appealed the Director's decision and lost. 26 U.S.C. § 7429(a). She now seeks judicial review of the jeopardy assessments under 26 U.S.C. § 7429(b).[1]

### I.

 Judicial review of termination or jeopardy assessments[2] under 26 U.S.C. § 7429(b)(2) is limited to two questions: (1) whether the assessment was reasonable under the circumstances and (2) whether the amount assessed was appropriate. *Clarendon Ltd. v. United States*, 573 F.Supp. 106 (S.D.N.Y.1983). The Government has the burden of proof on the issue of the reasonableness of making the jeopardy or termination assessment and the taxpayer has the burden of proof on the issue of the appropriateness of the amount assessed. 26 U.S.C. § 7429(g); *Peters v. United States*, 574 F.Supp. 37, 38 (E.D. Wis.1983); *Bremson v. United States*, 459 F.Supp. 121, 125 (W.D.Mo.1978); *Haskin v. United States*, 444 F.Supp. 299, 304 (C.D. Cal.1977). The standard of review to be applied in evaluating an assessment's reasonableness is "something more than 'not arbitrary or capricious,' and something less than 'supported by substantial evidence.'" *Loretto v. United States*, 440 F.Supp. 1168, 1172 (E.D.Pa.1977) (citation and footnote omitted); *accord Cantillo v. Coleman*, 559 F.Supp. 205, 207 (D.N.J.1983); *Revis v. United States*, 558 F.Supp. 1071, 1074 (D.R.I.1983).[3] Finally, although the district court's determination is not reviewable, 26 U.S.C. § 7429(f), it "is unrelated substantively or procedurally to any subsequent proceeding to determine the correct tax liability either by action for refund in a ... district court or the Court of Claims or by a proceeding in the Tax Court." *United States v. Doyle*, 494 F.Supp. 1041, 1042 (E.D.Wis.1980) (citing S.Rep. No. 94–938 (Part I), 94th Cong., 2d Sess. 365), *reprint-*

---

**1.** As a preliminary matter, the Court notes that the proper defendant in this action is the United States and not the Internal Revenue Service. *Vernon v. United States*, 586 F.Supp. 115, 117 (M.D.N.C.1984).

**2.** There are two special tax assessments available to the Government "when circumstances exist which would make doubtful the collection of certain tax liabilities." *Marranca v. United States*, 587 F.Supp. 663, 664 (M.D.Pa.1984). These are a jeopardy assessment and a termination assessment. The two can be distinguished in that "[a] jeopardy assessment is made for a tax year that has ended and for which the due date for filing has passed. A termination assessment, [on the other hand], is made for a tax year that has not ended and for which the due date for filing has not yet passed." *Nolan v. United States*, 539 F.Supp. 788, 789 (D.Ariz. 1982).

**3.** A termination or jeopardy assessment will be deemed reasonable if the Government establishes that "(1) the taxpayer is or appears to be

planning to quickly depart from the United States to conceal himself; (2) the taxpayer is or appears to be designing to place his property beyond the reach of the government by either removing it from the United States or by concealing it, or by transferring it to other persons, or by dissipating it; or (3) the taxpayer's financial solvency appears to be imperiled." *Cantillo v. Coleman, supra*, 559 F.Supp. at 206–07 (citation omitted); *accord Welch v. United States*, 575 F.Supp. 464, 465–66 (S.D.Miss.1983); *Peters v. United States, supra*, 574 F.Supp. at 38; *Clarendon Ltd. v. United States, supra*, 573 F.Supp. at 107; *McAvoy v. Internal Revenue Service*, 475 F.Supp. 297, 299 (W.D.Mich.1979). Moreover, in determining the reasonableness of an assessment, the Court "may consider all relevant evidence ... [and] not just that which was available to the IRS at the time of the assessment." *DeLauri v. United States*, 492 F.Supp. 442, 445 (W.D.Tex.1980) (citation omitted).

*ed in* 1976 U.S.Code Cong. & Ad.News 3429, 3795; *accord Revis v. United States, supra,* 558 F.Supp. at 1074; *Rogers v. United States,* 511 F.Supp. 82, 84 (D.Minn. 1980); *Bremson v. United States, supra,* 459 F.Supp. at 125.

## II.

### A. *Reasonableness of the Assessment*

Richard Klotzman, it appears, is having his problems with the Internal Revenue Service.[4] The dispute centers on the alleged failure of Mr. Klotzman to pay federal income taxes. The extent of the disagreement is significant—taxes, penalties, and interest approaching $10,000,000 (*See* Declaration of Robery Murphy (hereinafter "Declaration"), June 20, 1985, at 1).

Plaintiff, Mr. Klotzman's wife, has been drawn into the dispute as transferee of certain assets under 26 U.S.C. § 6901. In this lawsuit, she contests the IRS's decision to make jeopardy assessments against her totalling approximately $430,000.

The Government maintains that due to Mr. Klotzman's "long, documented history of intentionally hiding his assets[,]" and given his personal and business relationship with plaintiff, it "reasonably concluded that the assets of [plaintiff] would likely be dissipated, and properly made the jeopardy assessments" (Government's Memorandum in Support for Summary Determination, at 15). Supporting the Government's position is the testimony[5] and declaration of Revenue Officer Robert Murphy. Officer Murphy testified that Mr. Klotzman had advised him, under oath, that he controlled his wife's business activities. In his declaration, Officer Murphy avers that Mr. Klotzman informed him that his wife "had no control over her personal [checking] ac-

counts, and that her signature on her personal check was 'like having a secretary's signature on [the check]'" (Declaration, at 8).[6] Finally, Officer Murphy testified that following the seizure of certain property by the IRS on April 2, Mr. Klotzman closed and withdrew funds from two bank accounts the Service did not even know existed.

■ The Court is satisfied, after having reviewed the memoranda, exhibits, and affidavits, and considered the arguments of counsel, that the Government has met its burden of establishing that the making of jeopardy assessments against plaintiff was reasonable under the circumstances. In this regard, it is important to recognize the limited nature of this proceeding. The critical question to be answered is: did the IRS act reasonably, given the present record, in concluding that its collection of transferee taxes against plaintiff may be in jeopardy? In light of Mr. Klotzman's contretemps with the Service during the last several years, his actions after the April 2 seizure, plaintiff's lack of financial independence (as reflected by her failure to file a federal income tax return since 1971),[7] and her personal and business relationship with Mr. Klotzman, the answer is yes. Now to the second inquiry.

### B. *Appropriateness of the Amounts Assessed*

As noted previously, the jeopardy assessments at issue were made against plaintiff, as transferee, in three different capacities: (1) individually; (2) as trustee for her daughter Heidi Klotzman; and (3) as a tenant of property held jointly with her husband as tenants by the entireties. Unlike the prior determination, the burden is

---

**4.** *IRS, FBI Move To Depose King of Rock Promoters,* Balt. Sun, May 16, 1985, at A1.

**5.** On June 24, the Court held a hearing in this matter. Revenue Officer Murphy was the only witness at the hearing.

**6.** Plaintiff's assertions in two affidavits that she is "not now nor h[as] [she] ever been controlled by" her husband (Affidavit of Helene Klotzman, June 18, 1985, at 1) and that he "did not have

control over [her] and [her] finances" (Declaration of Helene Klotzman, June 25, 1985, at 3) are conclusory and, in the Court's view, do not undercut the reasonableness of the Service's decision to make the jeopardy assessments.

**7.** The Court assumes the plaintiff did not file a return during these years because she in fact had no income to report.

on the plaintiff to demonstrate that the amount of the assessments are inappropriate.

The Court has carefully reviewed the declaration of Officer Murphy as it pertains to the amounts of the assessments and plaintiff's affidavit and exhibits in opposition thereto. The Court finds that the plaintiff has failed to demonstrate that the amounts assessed were inappropriate. As the Government concedes, however, the jeopardy assessments against plaintiff and her husband as tenants by the entireties and against plaintiff individually should be reduced to $145,203.34 and $117,596, respectively (Declaration, at 2–4).

Accordingly, for the reasons stated above, it is this 25th day of June, 1985,

ORDERED:

1) that the jeopardy assessments made against Helene Klotzman, individually as transferee of Richard Klotzman and Helene M. Klotzman and Richard Klotzman, tenants by entireties, as transferees of Richard Klotzman are reduced to $117,596 and $145,203.34, respectively;

2) that plaintiff's complaint is dismissed with prejudice; and

3) that the Clerk mail copies of this Memorandum and Order to counsel for the parties.