**Edward Patrick KENNEY**
**[Taxpayer], Petitioner,**

v.

**UNITED STATES of America, [Internal Revenue Service], Defendant.**

**Civ. No. 85–0142 P.**

United States District Court,
D.C. Maine.

Nov. 15, 1985.

Judy Potter, University of Southern Maine Law School, Portland, Me., for petitioner.

Richard S. Cohen, U.S. Atty., Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., Thomas R. Jones, Asst. U.S. Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER DENYING IN PART AND GRANTING IN PART TAXPAYER'S PETITION FOR JUDICIAL REVIEW OF JEOPARDY ASSESSMENT

GENE CARTER, District Judge.

Petitioner, Taxpayer Edward Patrick Kenney seeks review of a jeopardy assessment made against him by the Internal Revenue Service pursuant to 26 U.S.C. § 6861(a) (1983). In reviewing a jeopardy assessment, this Court is required to determine (1) whether the making of an assessment is reasonable under the circumstances and (2) whether the amount assessed is appropriate under the circumstances. 26 U.S.C. § 7429(b)(2) (1983).

### *Reasonableness of the Jeopardy Assessment*

The reasonableness standard has been defined as "something more than not arbitrary or capricious and something less than supported by substantial evidence." *Loretto v. United States*, 440 F.Supp. 1168, 1172 (E.D.Pa.1977). The assessment is reasonable when at least one of the following three conditions are present:

1. The taxpayer is, or appears to be, designing quickly to depart from the United States or to conceal himself;

2. The taxpayer is, or appears to be, designing quickly to place his property beyond the reach of the Government either by removing it from the United States or by concealing it or by transferring it to other persons or by dissipating it;

3. The taxpayer's financial solvency appears to be imperiled.

*Clarendon Ltd. v. United States*, 573 F.Supp. 106, 107 (S.D.N.Y.1983); *Nolan v. United States*, 539 F.Supp. 788, 790 (D.Ariz.1982). The burden is on the United States to establish that the making of an assessment was reasonable. 26 U.S.C. § 7429(g)(1) (1983).

The Court finds that the United States has met its burden in this case. The Notice of Jeopardy Assessment to Mr. Kenney states that a jeopardy assessment was made against him based on a finding that he was "designing to quickly place [his] property beyond the reach of the Government." The notice indicates that the United States relied on the following findings in its assessment determination: that the taxpayer (1) "willfully failed to file federal income tax returns for each of the taxable years 1982 and 1983;" (2) has been convicted of violation of federal narcotics laws; (3) has "used cash in [his] narcotics activity attempting to conceal the true nature and extent of income;" and (4) did not maintain "bank accounts or other assets sufficient and readily available for the payment of ... personal expenses or ... federal income tax liabilities." In regard to the reasonableness of the assessment, Mr. Kenney disputes that he did not file federal income tax returns in 1982 and 1983,[1] that his plea of guilty to federal narcotics law violations is an admission of liability, or that the United States has evidence supporting its assertion that Mr. Kenney earned taxable income as a result of drug-related transactions.[2]

---

1. Mr. Kenney's 1983 and 1984 Federal Income Tax Returns, which he contends are the relevant years, were submitted with his reply memorandum. The tax returns are dated April 15, 1985, the same date as the Notice to Mr. Kenney of the assessment. The assessment was actually made on April 11, 1985.

2. Mr. Kenney also asserts that the United States is estopped from enforcing or assessing any penalties against him because it facilitated the conspiracy and was the proximate cause of income generated, and prevented Mr. Kenney from obtaining beneficial use of the income. This argument is not supported by the evidence since, at most, it applies to only one of the

■ There exists a sufficient basis for making an assessment even if the IRS had not relied on a failure to file income tax returns. Mr. Kenney was indicted and ultimately pleaded guilty to conspiring to possess with the intent to distribute cocaine. *United States v. Edward Patrick Kenney*, Criminal No. 84–00008–P (D.Me. March 29, 1985) (plea of guilty entered and accepted). The indictment to which Mr. Kenney pleaded guilty enumerated at least four transactions resulting from the conspiracy, each involving a pound or more of cocaine. Evidence presented at the trial, which ended in a mistrial because of statements made by the prosecutor regarding Mr. Kenney's failure to testify, supported Mr. Kenney's involvement in these transactions. The evidence further indicated that Mr. Kenney received "payment" for his participation in the form of relatively small amounts of cocaine. Since Mr. Kenney ultimately pleaded guilty to the conspiracy, failed to file a timely income tax return for the year 1983 and, the evidence suggests, received some remuneration for his participation in the conspiracy not included in his 1983 tax return, the Internal Revenue Service was reasonable in believing that Mr. Kenney was designing quickly to place his property beyond the reach of the government by concealing it. *See also Rogers v. United States*, 511 F.Supp. 82 (D.Minn.1980) (Court found assessment reasonable where taxpayer's apparent means of making a living was drug trafficking, taxpayer had access to a large amount of cash and had failed to file income tax returns).

Other evidence in this case supports the Internal Revenue Service's conclusion. Mr. Kenney's 1983 tax return indicates a Federal Adjusted Gross Income of $2,942.48. Pursuant to a valid warrant issued and executed on January 12, 1984, $2,800 in United States currency and a safe deposit box key were seized in a search of Mr. Kenney's home. A search of the safe deposit box revealed $14,000 in United States currency.[3] All of this evidence supports the reasonableness of the Secretary's conclusion that a jeopardy assessment was warranted under the circumstances.

*Appropriateness of Amount Assessed*

The burden of proof in respect to this issue is upon the taxpayer. 26 U.S.C. § 7429(g)(2) (1983). The Court finds that Mr. Kenney has sustained his burden of proof in establishing that the amount assessed against him is inappropriate under the circumstances.

■ The basis of the Secretary's determination of the amount of the assessment against Mr. Kenney, is evidence that he had received $237,550 over the course of four cocaine transactions in 1983.[4] The evidence does not support a conclusion that Mr. Kenney received these funds for his own use. Rather, the testimony of the Government's witness indicates that this money was passed to a supplier and that Mr. Kenney received payment for his services in the form of small quantities of cocaine. The observations of the Probation Officer in the Presentence Report and of this Court in the sentencing hearing in this matter reflect that the evidence did not demonstrate that Mr. Kenney realized a substantial income from drug trafficking. Under these circumstances, the amount of income the Secretary attributed to Mr. Kenney and corresponding jeopardy assessment is inappropriate.

Accordingly, it is hereby ORDERED that the Taxpayer's Petition seeking review of the jeopardy assessment against him is DENIED insofar as it seeks a determination that a jeopardy assessment against his is

transactions included in the indictment to which Mr. Kenney pleaded guilty.

3. The United States agreed to dismiss the civil action against the $14,000, *United States v. $14,-000 in United States Currency*, No. 85–0074–P (D.Me., filed March 19, 1985), as part of the plea agreement with Mr. Kenney.

4. Accordingly, the Secretary assessed a tax of $111,086 for 1983, plus interest and penalties of $55,543, under Code Section 6653(b)(2) and $6,802 under Code Section 6654(a).

unreasonable, and GRANTED as to that portion seeking a determination that the amount assessed is inappropriate. It is FURTHER ORDERED that this matter be REMANDED to the Secretary of the Treasury for redetermination of the amount of income on which the assessments are based.