Samuel H. CLARKE

v.

UNITED STATES of America.

Civ. A. No. 82–0664–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 4, 1983.

Sa'ad El-Amin, El-Amin, Palmer & Buchanan, Richmond, Va., for plaintiff.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

On 8 October 1982 Samuel H. Clarke filed his action under 26 U.S.C. § 7429(b)(1). Clarke filed this action for a statutory review of a termination assessment made by the Internal Revenue Service on 6 August 1982 under the provisions of 26 U.S.C. § 6851.

In general, § 6851 permits the IRS to compute and make termination assessments of income taxes it believes to be due when the government has reason to believe that the taxpayer "designs" to do any act "tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax ... unless such proceeding be brought without delay...." 26 U.S.C. § 6851(a). Section 6851 further provides that a tax assessment so made "shall become immediately due and payable."

Because of the Draconian nature of this tax- collection method, Congress, in 1976, enacted legislation permitting the taxpayer to obtain summary review by a district court of the reasonableness of the assessment and the reasonableness of the amount of the assessment. But because the act by the government of levying the assessment can only be denominated reasonable when the circumstances are such that it must be, in the words of § 6851, "brought without delay," Congress required the judicial review under § 7429 to be promptly commenced by the taxpayer and speedily resolved by the court. Indeed, § 7429(b)(2) requires a determination by the court within 20 days after the action is commenced. It cannot reasonably be argued that Congress' requirement that the questions be speedily resolved by the court is unreasonable in view of the emergency situation presented to the government in attempting to collect taxes from a taxpayer it has reason to believe is attempting to conceal his assets.

What is amazing in this case is that despite the emergency situation with which the government was allegedly confronted which prompted it to make its termination assessment in August, the government neglected even to respond to the taxpayer's complaint within the 20-day period given to the Court for a final determination of the issues presented. Not only did the government fail to respond within the 20-day peri-

od, it waited until the middle of December finally to come forward with affidavits and exhibits and an unnecessarily lengthy brief in support of its position. Such laggardness on the part of the government belies its claim that the conditions necessary to a termination assessment under § 6851 existed in August or exists at this time.

■ It is true that Federal Rules of Civil Procedure 12(a) allows the United States 60 days after service to answer a complaint. But such a general provision must be inapplicable in an action required by law to be wholly determined within 20 days after it is commenced.[1] Thus the Court is presented with the proposition that either the government cannot in good faith claim that it was presented with a situation requiring it to make its assessment "without delay," or the lawyer representing it in this case is inept. Either alternative is deplorable.

The effect of the government's default is alleviated by plaintiff's failure to respond to the government's motion for summary judgment within the time permitted by Local Rule 11(F). Plaintiff's disinterest may be a consequence of the fact that the government's leaden-footed defense of its position has given taxpayer sufficient time to spirit away his assets well beyond the reach of the IRS. Or, his failure to respond may be a tacit acknowledgement (mistaken or not) that the government's case is impregnable. There may be other explanations for plaintiff's silence, but in any event, the Court is left with an ambivalent defendant and a mute plaintiff.

The affidavits, the exhibits, and the authorities cited in the brief fully support the government's case for the reasonableness of its termination assessment. Its prima facie case of the reasonableness of the amount of the assessment is, as noted, unchallenged by plaintiff. Yet the Court believes that quite often actions (or inactions) speak louder than words.

Although Judge Reynolds in *United States v. Doyle,* 482 F.Supp. 1227 (E.D.Wis.

1980) judged the expedited requirement of a court decision within 20 days to be intended solely for the benefit of the taxpayer, this Court does not agree. Though clearly there is benefit to the taxpayer from an expedited determination by the Court, there is also a substantial benefit to the government. It is the government which is charged with the responsibility of collecting the tax. Section 6851 and the administrative/judicial sequence in § 7429 provide a means whereby the government properly can collect a tax in an emergency situation. Significantly, § 7429(g)(1) places the burden of proof with respect to the reasonableness of the assessment on the government. Since the government has that burden of proof under § 7429(g)(1), and since the Court must make its determination under (b)(2) within 20 days, it would seem to follow that if the government has not carried its burden of proof within the period specified in the statute, the government's case must fail.

■ Despite the general presumption that public officials act reasonably, the enactment of subsection (g)(1) necessarily removes from this statutory action any presumptive effect of reasonableness. No prima facie case exists as to the reasonableness of the assessment entitling the government to rest its case on the administrative record. This principle was established in one of the first cases interpreting the new statute. *See Loretto v. United States,* 440 F.Supp. 1168, 1172 (E.D.Pa.1977).

■ Thus for the twin reasons, the one practical and the other technical, the Court is not persuaded to grant the government's motion. As noted, the government neglected to proceed with anything resembling dispatch in having the question resolved, thus strongly suggesting no emergency exists. Second, during the time within which the statute requires this Court to make a determination, the government had failed to carry its burden of proof.

---

1. It is noteworthy in this regard that § 7429(c) gives the *taxpayer* the option of seeking a 40-day extension of the 20-day period but no such option is given the government. Further, in the interest of a prompt decision, no appeal is permitted. § 7429(f).

There is a third reason for not acceding to the government's request for a favorable determination. A number of opinions reviewed by the Court reveal that the government (or in some cases the taxpayer) have simply ignored the 20-day limit placed by Congress. Most of the judges also treated the limit as legally insignificant. Continued similar treatment will render the 20-day period as much a relic as the 3-day return required on a writ of habeas corpus under 28 U.S.C. § 2243. If Congress' will is to be carried out, it is up to the government, the initiating party in the tax collection process, the party upon which the burden of proof rests, to present to the Court, within the time permitted for a determination, a basis upon which the Court can reach a determination.

The government having failed to support the reasonableness of its termination assessment, the question of the reasonableness of the amount thereof does not arise. Accordingly, the government's motion for summary judgment is DENIED; the Court finds that the reasonableness of the termination assessment has not been shown, and thus it must be denominated as unreasonable. Under the provisions of § 7429(b)(3) it is ORDERED that the Secretary abate the termination assessment made against plaintiff on 6 August 1982.

And it is so ORDERED.

### JUDGMENT

In accordance with the opinion this day filed this action is DISMISSED.

And it is so ORDERED.

