Samuel H. CLARKE

v.

**UNITED STATES of America.**

**Civ. A. No. 82–0664–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 13, 1984.

Sa'ad El-Amin, El-Amin, Palmer & Buchanan, Richmond, Va., for plaintiff.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendant.

## ORDER AND OPINION

WARRINER, District Judge.

This proceeding commenced with the filing of a complaint by plaintiff under the

provisions of 26 U.S.C. § 7429. Having been subjected to a "jeopardy assessment" by the IRS, plaintiff sought the summary judicial inquiry provided by Congress. The statute,[1] upon the filing of the complaint, places the burden upon the government to prove that an emergency existed which justified its action and to prove that the amount assessed was reasonable. The Court is required by statute to decide the case within twenty days of the filing of the complaint. For the reasons and on the bases set forth in an opinion published as *Clarke v. United States*, 553 F.Supp. 382 (E.D.Va.1983), I held that the assessment should abate. In keeping with the summary nature of the proceeding Congress prohibited appeals from a decision by a district court under the statute. Accordingly, the United States sought a reversal by means of a petition for a writ of mandamus. The Court of Appeals issued the writ.[2]

Following remand, defendant on 13 January 1984, moved the Court for "summary determination." In support of its motion on remand defendant filed a summary brief and incorporated its prior motion "and the attachments thereto." The prior motion also spoke in terms of "a summary determination" but the brief in support thereof ended with the request that the complaint "be dismissed." I conclude, then, that defendant desires an order dismissing the action.

When defendant filed its renewed motion plaintiff responded and filed, *pro se*, a motion for summary judgment under Rule 56. The motion was accompanied by an appropriate affidavit and brief. The time within which the government might have responded to the motion for summary judgment under Local Rule 11(F) has expired.[3] The Court will consider the pleadings on the present state of the record.

■ In issuing the writ of mandamus the Court of Appeals stated:

> Contrary to the statute, the district court did not decide the merits of the issues framed by a § 7429(b)(2)(A) and (B). Instead, it ordered abatement of the assessment essentially because the government did not respond to the complaint within 20 days. Its articulation of default in terms of the government failing to prove its case within 20 days does not constitute a decision on the merits of the issues raised by the complaint. Because the government did not answer within 20 days, the Court simply barred it from proving its case.
>
> If the Court had decided the merits of this action, we would be precluded from reviewing its judgment by § 7429(f).

Slip Op. at 5.

Either the Court of Appeals overlooked a portion of the lower court's opinion or failed to understand its purport. As specifically noted at 553 F.Supp. 384–85, there were three bases upon which I rendered my opinion. I numbered the three bases.

The third basis listed for abating the termination assessment was that it appeared to me from a review of the several cases in the field that the will of Congress in setting the twenty-day limit was being ignored by the IRS and was being treated as legally insignificant by the courts. I thought the statute should be enforced; only by implementing it could it have any impact. It was to this basis that the Court of Appeals addressed itself in the second sentence quoted above.

The second basis was that the government had failed to carry its burden of proof

---

**1.** 26 U.S.C. § 7429(b)(2) provides:
  Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—
  (A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and
  (B) the amount so assessed or demanded as a result of the action taken under section 6851,

6861, or 6862, is appropriate under the circumstances.

**2.** *In Re: United States of America*, 718 F.2d 1093 (4th Cir.1983).

**3.** The government may be emboldened to believe that no time limits as set by statute or rule apply to it.

within the twenty-day period set by the Congress. This basis was addressed by the Court of Appeals in the third and fourth sentences quoted above.

The first basis of my opinion was directly on the merits. I described this basis at 553 F.Supp. at 384 in summary form as follows: "[T]he government neglected to proceed with anything resembling dispatch in having the question resolved, thus strongly suggesting no emergency exists." This merits basis had been discussed at greater length. Id. at 383–84. I described the government's action when confronted with the alleged emergency situation requiring that the assessment be "brought without delay," [4] as "amazing" and having described the government's response, I said: "[s]uch laggardness on the part of the government belies its claim that the conditions necessary to a termination assessment under § 6851 existed in August or exists at this time." Id. at 384.

This was, and was intended to be, a finding on the merits. The fact that I also set forth the two other bases for my holding, was not intended to subtract from or render nugatory the first basis presented in the opinion and the first basis listed in the summary. That basis was that the government had *disproved* that the requisite emergency existed to warrant the emergency assessment.

I am now faced with a difficult situation. I decided the case when it was first presented to me on three bases. The first basis was, and was intended to be, wholly on the merits. The second basis was thought by me to be on the merits in the sense that the government had failed to present its proof within the time allotted by statute, thus, its proof failed. The third basis was thought by me to be purely procedural and as a reinforcement of the will of the lawmaking body, the Congress.

The Court of Appeals did not mention the first basis set forth in my opinion. It mentioned the second and third bases and concluded that a decision based thereon was not a decision on the merits. The Court of Appeals holds that the default on the part of the government in presenting its proof to the Court so the matter may be decided within the time specified by Congress does not relieve the Court of the obligation of deciding the case on the merits. Such a holding, now understood by me, is not difficult to apply in this case nor in any subsequent cases brought under the statute. Thus it is not the discrete holding of the Court of Appeals that presents the problem.

The problem arises from that which the Court of Appeals did not mention. Without mentioning the first basis, the Court of Appeals returned the matter to me to be decided on the merits. Since basis numbered two and three were declared legally insufficient I no longer consider them. Should I assume, however, from the Court of Appeals' failure to mention the first basis, that that which I intended to be a decision on the merits was not, in fact, a decision on the merits? I have to assume that my opinion was read by the Court of Appeals so I have re-examined the language of my opinion to see if, perhaps, the holding on the merits was written so obscurely that it was masked by bases two and three. I conclude that this is the most plausible explanation.[5] If this be a fact, am I privileged to adhere to the view? Or

---

**4.** 26 U.S.C. § 6851(a)(1) provides, in part:

If the Secretary finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act (including in the case of a corporation distributing all or a part of its assets in liquidation or otherwise) tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or the immediately preceding taxable year unless such proceeding be brought with-

out delay, the Secretary shall immediately make a determination of tax for the current taxable year or for the preceding taxable year, or both, as the case may be, and notwithstanding any other provision of law, such tax shall become immediately due and payable.

**5.** The fact that the briefing and argument before the Court of Appeals was *ex parte* with only the IRS appearing may also help explain the situation.

should I abandon it on the theory that the merits basis was reversed *sub silentio?* But this was not in terms an appeal, it was a petition for a writ of mandamus. Merits are not to be considered on such petitions. And an appeal is prohibited by Congress.

Having re-examined the pleadings, the brief, the affidavits, the exhibits, the opinion of the Court of Appeals and the statutes, I cannot, in good conscience, abandon a position on the merits which was not mentioned or, to the best of my divining, considered by the Court of Appeals, and which I honestly believe to be sound. Wholly without regard to any time limits which may or may not be applicable to the government in cases of this nature, the government's actual laggardness belies its claim of an emergency situation as contemplated by the statute.

In reaching this determination when it was first presented to me and in adhering to it, I have been actuated by the assumption that defendant had the ability, either legally or extra-legally, to dispose of his assets from the time at which the termination assessment was made until a decision was reached in this Court under the statute. Further scrutiny of the statute, prompted by the dilemma, has cast doubt on this assumption. 26 U.S.C. § 6863(a) permits a taxpayer to stay "the collection of the whole or any amount of such assessment" by filing a surety bond with the Secretary. See generally 34 Am.Jur.2d, Federal Taxation (1984), ¶¶ 9127, 9128, 9131, and 9132. Additionally, 26 U.S.C. § 6863(b)(3)(A) provides that the property seized pursuant to a termination or jeopardy assessment may not be sold during the period of administrative or judicial review under § 7429 unless: (1) it is perishable, or (2) the taxpayer consents, or (3) the expenses of conservation or maintenance would greatly reduce the net proceeds. Id.

In its letter stamped 9 August 1982 to plaintiff Clarke, the IRS stated, "As indicated above, enforced collection action may proceed during any administrative appeal process unless arrangements are made regarding collection of the amount assessed. To make such arrangements, please contact Wayland O. Medley at (804) 771-2490." It appears that this is the IRS's invitation to the plaintiff to avail himself of 26 U.S.C. § 6863's permission that he post bond in the amount of the assessment, here $52,-653.40. Whether or not he posted such bond is not shown by the record. Whether or not the IRS proceeded in accordance with its warning that it "may proceed" is not clear to me. But it does appear from the above discussion that the government had the *power* to deny to Clarke any ability to secrete or otherwise dispose of his assets pending adjudication.

■ If, therefore, the IRS in fact seized property of sufficient value to satisfy the tax assessment, its delay in answering plaintiff's challenge in the federal court would not enhance plaintiff's ability to sequester his assets. If, on the other hand, the property was not seized, plaintiff, during the government's delay, had the ability to defeat the assessment.

I have scrutinized the record before me and can find no evidence as to whether or not plaintiff posted such bond and thereby stayed collection of his assets; nor do I find evidence that the government did or did not seize his property;[6] thus, it may be, that although the government was deliberately engaged in flaunting the express will of Congress in its refusal timely to plead in this action, the assets it was seeking to protect may have been beyond plaintiff's reach. In that event, the government's laggardness would *not* be evidence of the non-existence of the requisite emergency.

In order to prove or disprove my factual assumption, the government is hereby DIRECTED to file, within ten days of the entry hereof, proofs that the government took immediate action to seize assets of plaintiff. Plaintiff may file his counter-af-

---

**6.** I noted on remand that plaintiff had not been represented by counsel in the Court of Appeals. This was my first actual indicator that perhaps his assets had been placed beyond his reach by the IRS.

fidavit within ten days thereafter, if he be so advised. If proofs are not timely forthcoming, then for the reasons set forth at 553 F.Supp. 383–84 and summarized at 384, this Court will order, under the provisions of § 7429(b)(3) that the Secretary abate the termination assessment made against plaintiff on 6 August 1982.

And it is so ORDERED.